WALTER B. CROSSMAN *vs.* BANCON & ROBINSON COMPANY, et als.

Penobscot.   Opinion March 30, 1920.

*Action of deceit. Necessary and essential elements in action of deceit. What plaintiff must prove.*

The plaintiff in his brief states the case as follows: "This is an action for deceit in which the plaintiff seeks to recover from his former business associates for taking advantage of his alleged defective mental condition and purchasing his half interest in the business for less than its fair value, the measure of damages claimed being the fair value of plaintiff's half interest in the business and the amount which defendants paid him.   The jury returned a verdict for the plaintiff  .   .   .   .   and in answer to questions propounded by the Chief Justice, presiding, found that on the date when the plaintiff signed the instrument accomplishing the transfer of his interest he 'did not then have sufficient mental capacity to transact that particular business with intelligent understanding of what he was doing and a rational judgment in relation thereto.'

Defendants bring the case to this court on motion in the usual form, and exceptions to the refusal of the chief justice to direct a verdict for the defendants."

The defendant made no affirmation representations, the only ground upon which the plaintiff seeks to maintain his action is that the defendant dealt with him knowing he was imcompetent to do business.

*Held:*

1.   That forms of action that are well established and approved by long usage, should be adhered to.

2.   That the action of deceit is as old as the jurisdiction of the State, and as well defined as any form of action known to our course of procedure.

3. That the elements are various, every material one of which must be proved to sustain the action.

4. That proof of any of the material allegations is wanting in the report of. the evidence in the present case.

An action of deceit. Plea, the general issue. Plaintiff sought to recover from his former business associates for taking advantage of his alleged defective mental condition in purchasing his half interest in the business for less than its fair value. Verdict for plaintiff for seven thousand and thirty-five dollars. In answer to questions propounded by the Chief Justice presiding, the jury found that on the dates when plaintiff signed the instruments transferring his interest he "did not then have sufficient mental capacity to transact that particular business with an intelligent understanding of what he was doing and a rational judgment in relation thereto." Defendants filed a motion in the usual form for new trial, and also exceptions to the refusal of the Chief Justice presiding to direct a verdict for the defendants. · Exceptions sustained.

Case stated in the opinion.

*Pattangall & Locke, H. J. Chapman, and H. J. Preble,* for plaintiff.
*L. C. Stearns, and Ryder & Simpson,* for defendants.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

SPEAR, J. The plaintiff in his brief states the case as follows: "This is an action for deceit in which the plaintiff seeks to recover from his former business associates for taking advantage of his alleged defective mental condition and purchasing his half interest in the business for less than its fair value, the measure of damages claimed being the difference between the fair value of plaintiff's half interest in the business and the amount which defendants paid him. The jury returned a verdict for the plaintiff . . . . and in answer to questions propounded by the Chief Justice, presiding, found that on the dates when the plaintiff signed the instrument accomplishing the transfer of his interest he 'did not then have sufficient mental capacity to transact that particular business with intelligent understanding of what he was doing and a rational judgment in relation thereto.'

Defendants bring the case to this court on motion in the usual form, and exceptions to the refusal of the chief justice to direct a verdict for the defendants."

Conceding that the verdict could be allowed to stand upon the questions of mental capacity and the amount of damages, we then have left the real issue in the case,—can an action of deceit, as a matter of law, be sustained upon the testimony? Upon this issue it is not necessary to consider the testimony at any length. It is conceded that the defendant made no affirmative representations. Nor did it solicit the purchase of the property. The plaintiff said: Q. Where did you first discuss with Mr. Robinson if at all, the proposition of selling out your interest in the property? A. Well, some time when I was to the island. One day I can remember that I said to him, "Give me $5000. and you can have all I got. Let me go. I thought they were after me." With reference to a later conversation with Robinson the plaintiff testified: He said to me at that time, "I would give it to you quick enough, but you ain't fit to do business. It wouldn't stand law."

Mr. Robinson, upon this phase of the case testified as follows: "He said I have decided to leave Bangor and I want you to take my interest in this business. . . . Now I said, Walter, I don't want to buy out your interest in this business. I want you to stay. . . . This is Saturday. You go home; you think it over, and on Monday morning when you come to the office I will ask you whether you have decided to stay or sell, and I want you to say that you have decided to stay." This evidence discloses the inception, the object and the spirit of this transaction. Instead of leading the plaintiff on to sell, the defendant discouraged him but was importuned to buy.

The plaintiff contends that this evidence, coupled with the fact that the plaintiff was incompetent to do business and that the amount paid was inadequate, brings the case within the form of an action for deceit, as defined in this State.

It is the opinion of the court that this contention cannot be sustained.

A careful examination of the able brief of the plaintiff presents no decision or principle of law, that can be regarded as a precedent for the form of action in the present case. The lack of precedent has been frequently held to be a strong argument against innovation, especially in making judicial made changes in the forms of action.

In *Anthony* v. *Slaid,* 11 Met., 290, in an opinion by Chief Justice Shaw it is said: "That there is no precedent for such an action, where there must have been many occasions for bringing it, if maintainable, is a strong argument against it." *Wellington* v. *Small,* 3 Cush., 148; *Lamb* v. *Stone,* 11 Pick., 527.

But the plaintiff invokes the old and wise maxim, that, in law, for every wrong there is a remedy. It is equally old and wise that there are prescribed forms of procedure. Unless the established rules of pleading and practice are observed confusion and uncertainty would take the place of intelligible and orderly procedure. With respect to this rule, our court have said, in *Flanders* v. *Cobb,* 88 Maine, 488. "The remedies and forms of action which have been afforded to parties, and which have been sanctioned by long usage and approved by the highest authorities should be adhered to, and it is not the province of the court, upon the reason of supposed convenience or occasional hardship, to dispense with them, and to substitute one for another, varying the rights of one or both of the parties."

This decision, which is the well settled law under our mode of procedure, is directly applicable to the law and facts in the case at bar. The action of deceit is as old as the jurisdiction of the State and as well defined as any form of action known to our course of procedure.

It should be observed that we are not concerned with the merits. We are dealing with the form of action as a matter of law. Our inquiry is, can the merits be reached in this form of action? Every right does not have the same remedy. Nothing is better settled than the requirement that the pleadings shall set forth the elements to be proved to sustain the particular form of action by which redress is sought; and that, to sustain the action, every essential element must be proved by affirmative evidence. A right is not without a remedy because it fails by mistake of legal process. It often happens that precisely the same right, upon its merits, must be sought by different remedies. For instance: The provisions of a contract under seal must be enforced by an action of covenant broken. It cannot be enforced by assumpsit. The provisions of the very same contract not under seal, are enforced by assumpsit, and cannot be enforced by covenant broken. Yet they both invoke precisely the same merit and carry the same damages. The distinction may seem technical, yet our courts have observed and enforced it. In certain cases trover will lie to recover the value of property when assumpsit,

under precisely the same facts, and involving the same amount of damages, will not lie. Trespass de bonis will lie for invading the realty and carrying away timber severed therefrom, but will not be the remedy for injury to the realty by the same act of entry. The reverse, however, would be a full remedy. And thus might be enumerated many instances when one form of procedure may be employed while a different form involving the same state of facts will be faulty. In fact it is no uncommon experience that an action may be abated for want of proper form. And thus it is that rights must be redressed by an observance of the proper legal remedy, otherwise legal procedure would become a mere medley of forms emanating from the ignorance or caprice of the pleader.

Reverting now to the elements necessary to be proved to meet the requisites of an action of deceit, we find them well stated in the plaintiff's brief, so far as they go, as follows: "There must be alleged and proved then, (1) a material representation which is (2) false and (3) known to be false, or made recklessly as an assertion of fact without knowledge of its truth or falsity and (4) made with the intention that it shall be acted upon and (5) acted upon with damage." In addition to these elements it must also be proved that the plaintiff (6) relied upon the representations (7) was induced to act upon them and (8) did not know them to be false, and by the exercise of reasonable care could not have ascertained their falsity. Every one of these elements must be proved affirmatively to sustain an action of deceit.

Proof of a single one of these elements is manifestly wanting in the report of the evidence. The only affirmative representation claimed by the plaintiff to have been made by Mr. Robinson was the truthful one, according to the plaintiff's own theory, that "You are unfit to do business. It wouldn't stand law." But the plaintiff, at the time, did not believe he was unfit to do business and persisted in his purpose to sell. The frank declaration of the defendant directly to the plaintiff that he was unfit to do business cannot, by any interpretation we are able to give, be construed into an attempt, on the part of the defendant, to deceive. On the contrary, it appears more like blunt, if not offensive frankness.

A further consideration shows a lack of affirmative proof (1) that the defendant made any false representation; (2) that the defendant acted upon any representation made by the defendant; (3) that he

relied upon any representation even as to price, having at the beginning fixed his own price; (4) that he was induced to act on any representation, but rather insisted upon selling that he might be able to leave the city, which he did. There is no controversy about these facts. The only ground upon which the plaintiff seeks to maintain his action is that the defendant dealt with him knowing he was incompetent to do business. But this is not sufficient to maintain this action. Moreover this case does not present a right without a remedy.

The plaintiff under the well settled rules of law, had ample remedy for relief from this or any other contract entered into by him while in a condition of mind which rendered him incompetent to understand the nature of his transactions.

But as above observed, the facts proved in this case cannot be fitted into the form of an action for deceit, without subverting the purpose and abrogating the form of this long established rule of pleading. For the action of deceit was not intended to be made easy to prove. Its purpose was to restrain law suits in commercial and trading transactions so that every time a party, through reliance upon opinion, or trade talk, or without taking pains to inquire for himself, got the bad end of a bargain he should not be permitted to fly to the courts for redress. Hence the purpose and form of the action, and proof of all the necessary elements, have always been adhered to with strictness, with the avowed design of abridging instead of enlarging the field of litigation.

*Exceptions sustained:*