## BRYNE v. GREENE.
### No. 2885.
Circuit Court of Appeals, First Circuit.
April 6, 1934.

Ernest L. McLean, of Augusta, Me. (McLean, Fogg & Southard, of Augusta, Me., on the brief), for appellant.

Robert Hale, of Portland, Me. (Verrill, Hale, Booth & Ives, of Portland, Me., and Robert C. Stoddard, of New Haven, Conn., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and MORRIS, District Judge.

MORTON, Circuit Judge.

This is an appeal by the plaintiff from a verdict and judgment for the defendant in an action for deceit. Jurisdiction rests on diversity of citizenship. The declaration alleged that the plaintiff was induced by oral and written fraudulent representations made by the defendant to purchase from him certain securities consisting of stock and bonds of the Pascoag Water Company. The sale was finally consummated in the spring of 1930, but the negotiations which led up to it began more than a year earlier. In connection with them the defendant submitted to the plaintiff balance sheets of the Pascoag Company covering several years and also its income accounts. The plaintiff contends that these balance sheets and income accounts misrepresented the value of the company's piping system ("mains and services"), and misstated its surplus, its liabilities, its meter deposits, and its earnings; and that the defendant, knowing the facts, represented to the plaintiff that these balance sheets and

statements were true. The defendant denied having made any false or fraudulent representations, and asserted that the plaintiff had the property examined by an expert on his behalf and bought on the expert's report, not on any statements made by the defendant.

The trial judge put to the jury five special questions covering each of the five misrepresentations relied on by the plaintiff. The first of these special questions was as follows: "Was the defendant guilty of making false representations, as defined by the court, in respect of the item 'mains and services' in the balance sheets for the years 1927-8-9, or any of them?" The other questions were similar, and covered the other alleged misrepresentations. The jury answered each question "No," and returned a general verdict for the defendant. No exceptions appear to have been taken to rulings on evidence or to the refusal of requested rulings. The present appeal rests only on four exceptions to the judge's charge. In the plaintiff's argument and brief, the charge is criticized on other grounds, not called to the attention of the trial judge or of opposing counsel at the trial, and as to which no exceptions were taken. For the plainest reasons, objections of this character cannot be considered.

As to the first exception: The trial judge instructed the jury, "That in order to establish a charge of this character, the plaintiff must show by clear and decisive proof, First—That the defendant has made a representation in regard to a material fact; Secondly—That such representation is false; Third—That such representation was not actually believed by the defendant (who is the man who made it), on reasonable grounds to be true; Fourth—That it was made with intent that it should be acted upon; Fifth—That it was acted upon by the plaintiff to his damage; and Sixth—That in so acting upon it, the plaintiff was ignorant of its falsity, and reasonably believed it to be true. Now unless all of these elements are present, it is not a false representation."

He afterwards added: "You (counsel for plaintiff) wanted me to charge the jury that Mr. Bryne was under no legal duty to verify statements made to him by Mr. Greene as to the financial condition of the company, but was justified in relying upon the statements of Mr. Greene. Whether or not he did rely upon that is a question for your determination. Of course, the latter is true. Of course it is true he is under no legal duty to verify statements. He was justified in relying upon any statement made by Mr. Greene but in addition to that it must appear these statements, as I say, come under the category of being false and fraudulent and made for the purpose of deceit, and they did deceive Mr. Bryne, the plaintiff, and he did act upon them to his damage, of course." The exception, as stated by the plaintiff's counsel, was, "We take exception to the sixth element of fraud."

The instructions excepted to were in the exact language of the opinion of Mr. Justice Lamar in Southern Development Co. v. Silva, 125 U. S. 247, 8 S. Ct. 881, 31 L. Ed. 678, a decision which is the law in the federal courts. As the law of Connecticut, where the representations were made, and of Maine, where the trial was held, appear to be substantially in accord, we are not called upon to decide whether the question should be determined as one of general law or of local law. Crossman v. Bancon & Robinson Co., 119 Me. 105-109, 109 A. 487; Bradley v. Oviatt, 86 Conn. 63, 84 A. 321, 42 L. R. A. (N. S.) 828; Strout v. Lewis, 104 Me. 65, 67, 71 A. 137; Baltimore & O. R. Co. v. Baugh, 149 U. S. 368, 370, 13 S. Ct. 914, 37 L. Ed. 772. If the plaintiff's contention was that the instructions as given placed too onerous a burden on the plaintiff or that the local law, either of the place of trial or the place where the representations were made, governed, inasmuch as the trial judge was obviously relying on general law as laid down in the Silva Case, it devolved upon the plaintiff to state his contention to the trial judge with an appropriate request or suggestion for a ruling.

The next two exceptions relate to the use by the trial judge of the term "wilful" in the sense of "intentional" or "conscious" when applied to fraud. He said to the jury: "Of course, if those bills are not claims against the company, that would be the end of that, there would not be false representation. Whether they were or not isn't conclusive. *Whether they were a claim against the company or not is not conclusive in this question of false representation, because you must go further and find they were omitted fraudulently for the purpose of deceiving the plaintiff.* Take the case of Mr. Bowen, who was a lawyer and secretary of the company, who had a certain salary as secretary. He thought he should receive some additional compensation. I suppose Mr. Greene thought the contrary. Now suppose Mr. Greene was wrong, and suppose he was entitled to additional compensation and should have had $500.00; if Mr. Greene was of the contrary opinion, it would go far towards deciding whether Mr. Greene had fraudulent in-

tent in leaving it out of the account. If Mr. Greene thought he didn't owe that man this amount of money, there would be no fraud in leaving it out of his account. *You must find that Mr. Greene owed that and Mr. Greene believed he owed that, and he left it out of that account for the purpose of deceiving the plaintiff, to get him to buy this property,* and if you find that to be true, that would be false representation, for it is one of the elements relied upon by the plaintiff. If you find that to be true, that would be false representation to that extent, that is to the extent of that bill. The matter of damages I will speak of a little later on. You must not only find that *bill was due, but that Mr. Greene knew that it was due.* * * * It is not wholly the fact whether or not this money was due Mr. Maroney that is the whole criterion. It is whether or not its being left out of this statement was a *wilful fraud perpetrated by Mr. Greene for the purpose of inducing Mr. Bryne to buy that property.* If Mr. Greene, knowing and understanding that money was due (if it was due), *left it out for the purpose of deceiving Mr. Bryne,* that would be, if it has the other elements I have spoken of, a false representation to that extent. * * * I want to say in regard to those items, as to the others, it isn't a question of accuracy.of the balance sheet, that is only part of it; it is a question first of the accuracy, second, *whether the inaccuracy was wilful,* and whether it represented a fact, a matter of fact, which was represented in this way, was omitted in this way *for the purpose,* on the part of the defendant, Greene, *to deceive the other man and induce him to buy.*" (Italics supplied.)

These instructions state the law with clearness and accuracy. It seems to us clear that the word "wilful" was used by the judge to express merely a purpose to deceive in the sense of "intentional," "conscious," or "deliberate"—which are among its recognized meanings—and not, as the plaintiff argues, as requiring him to prove "a fraud that is especially obnoxious, in the nature of a malicious fraud, or at least a fraud that is tempered with some antipathy for the victim."

The final exception relates to the item of meter deposits. The court further charged with reference to meter deposits, and particularly as to the nature of the deposits and the obligation of the company with reference thereto:

"If you should find that there was a wilful omission in the item of Meter Deposits for the purpose of deceiving Mr. Bryne, and that he was deceived about it to his damage, then the damage would be apparently what those meter accounts were, although I think it would be fair to say it would be almost out of the question to believe they would be all called upon at any one time. They seem to be current meter deposits; they seem to be current like deposits going back and forth and drawing from a bank. However, that is a matter for practical consideration. The gross amount of meter deposits is substantially $11,000.00, and the plaintiff claims that he was under the illusion, he claims, of $11,-000.00, and that it was part of the plan of deception made by the defendant to the detriment of plaintiff."

The plaintiff's exception was: "To this part of the charge wherein the court referred to the calling for payment of meter deposits." The grounds on which the exception was taken are stated in the fourth assignment of error. They appear to be (1) the use of the word "wilful," which has been discussed above, and (2), "because by suggesting that it would be out of the question that all the deposits would be called for at the same time the court drew the improper inference to the attention of the jury that, if this were true, the plaintiff would suffer no damage, and that therefore the defendant would not be guilty of fraud as defined by the court." It is argued that this part of the charge was erroneous with respect to the plaintiff's damages. As the jury did not reach the question of damages, the plaintiff was not harmed. We may add that the instruction seems to us a proper and helpful comment on the facts.

The judgment of the District Court is affirmed, with costs to the appellee.