RALPH WILLIAMS *vs.* ARTHUR BISSON ET AL.

Sagadahoc.     Opinion, April 22, 1946.

*Paul L. Powers and Edward W. Bridgham*, for plaintiff.

*Aldrich & Aldrich*, for defendant, *Arthur Bisson and Eudore A. Drapeau*, pro se.

SITTING: THAXTER, HUDSON, MANSER, MURCHIE, TOMPKINS, JJ.

MURCHIE, J. This case presents a single issue of law, arising on the allegation in plaintiff's Bill of Exceptions that he is aggrieved by a nonsuit ordered in the Trial Court.

In the process the plaintiff seeks to recover in an action of deceit, which is an appropriate remedy for the recovery of damages suffered through perpetration of a fraud, on allegation that a deed dated July 7, 1942, running to one of the defendants and his wife, and conveying property on which trees were standing which the plaintiff had purchased on January 23, 1941 under a deed giving him the right to remove them until January 23, 1944, a right later extended to March 1, 1944 by parol, contained language to protect that extended right at the time of its execution and delivery and was changed prior to recording by substitution of the earlier date. The attorney who prepared the deed, employed for that purpose at the solicitation of the grantees named in it, is the other defendant.

The declaration charges all the essential elements of an action of deceit except the last enumerated in *Crossman* v. *Bacon & Robinson Co. et al.*, 119 Me., 105, 109 A., 487. This is that a plaintiff cannot recover in such an action unless deceived by representations he did not know to be false and could not have ascertained to be so by the exercise of reasonable care. The plaintiff's knowledge of the true fact as to the recitals of the deed in question at the time of its execution and delivery made this particular element of an action of deceit impossible of either allegation or proof.

The evidence shows that the deed was executed at the office of the defendant who prepared it in the form which the plaintiff alleges; that both grantees were present, with that defendant, when it was signed and acknowledged and the grantor departed from the scene; and that it had been altered when filed for record on the day following. Proof of these facts represents all the evidence in the case that the alteration constitutes a false representation, that it was intended to deceive the plaintiff and was material to

his rights, or that it was made either with knowledge of its falsity or reckless disregard to its falsity or truth. This establishes no more than that the deed was altered after its execution and delivery without the authority of the grantor and in a manner that would have affected the plaintiff's rights adversely if the recording of it made it effective according to its altered terms. It was not so effective. The plaintiff continued to remove trees after January 23, 1942 and until March 1, 1942 in accordance with his extended right and the deed as originally written.

The only evidence connecting either defendant with the alteration was testimony that the handwriting in which it was made bore some resemblance to that of the defendant who prepared the deed. There was none to indicate that the alteration was made to deceive, or to damage, the plaintiff or that either defendant, or anyone else, made any representation to the plaintiff with reference to it. Nothing in the record shows that it was not made by negligent mistake rather than with fraudulent intent.

There can be no point in discussing the evidence relative to damages in a case where liability has not been established but it seems pertinent to note that the plaintiff proved no damages directly traceable to the act of which he complains except that it compelled him to employ counsel to protect his rights. He did not prove the expense this involved.

A nonsuit, or a directed verdict for the defendant, should be ordered on proper motion whenever all the evidence viewed most favorably to the plaintiff would not support a verdict in his favor, *Lander* v. *Sears Roebuck & Co.*, 141 Me., 422, 44 A., 2d, 886 and cases cited therein, or the recovery sought is not available to him in the process he has invoked, *Crossman* v. *Bacon & Robinson Co. et al.*, supra. On either ground the nonsuit ordered herein was proper.

*Exceptions overruled.*