HARRY E. ROWELL ET AL.

*vs.*

AMIABLE JARIS AND TRUSTEES

York.   December 23, 1952.

*Charles W. Smith,* for plaintiff.

*Lausier & Donahue,* for defendant.

SITTING: MURCHIE, C. J., FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.   (THAXTER, J., did not sit)

WILLIAMSON, J.   The defendant's motion for a new trial is overruled.   The case is an action of tort for deceit in the sale of defendant's home to the plaintiffs.   The defendant argues:   (1) that his statements with respect to the water supply were statements of opinion and not of fact; and (2) that the damages were excessive.

It will serve no useful purpose to review the evidence. The jury necessarily found that the defendant in the course of his negotiations with the plaintiffs falsely represented to them in substance that there was "plenty of good, clear water," that the statement was made with knowledge of the plaintiffs' requirement of an adequate supply for a family

of four, and that the words were spoken by the defendant and understood by the plaintiffs as a statement of fact. It was within the province of the jury to reach its conclusion on the evidence.

One cannot readily think of a fact more important or material to the purchaser of a home than the adequacy of the water supply, or of a fact more readily known to the owner.

Given a statement of *fact,* and not of *opinion,* no questions here arise about the presence of the remaining elements essential to establish liability in an action for deceit. Among the many cases stating and illustrating the applicable principles are: *Crossman* v. *Bacon & Robinson Co.,* 119 Me. 105, 109 A. 487; *Clark* v. *Morrill,* 128 Me. 79, 145 A. 744; *Shine* v. *Dodge,* 130 Me. 440, 157 A. 318; *Coffin* v. *Dodge,* 146 Me. 3, 76 A. (2nd) 541; *Bolduc* v. *Therrien,* 147 Me. 39, 83 A. (2nd) 126. See also *Lessard* v. *Sherman Corp.,* 145 Me. 296, 75 A. (2nd) 425.

The jury returned a verdict of $2,025. There was evidence of a difference of $2,000 in the value of the home property from lack of an adequate water supply. How the additional $25 crept in is uncertain. It may well be chargeable to a bill for cleaning a septic tank.

In any event it is too small an amount in relation to the damage sufficiently proved to warrant interference at our hands.

*Motion overruled.*