SANFORD STEVENS AND ROBERT W. GILMORE, in equity,

*vs.*

CHARLES SHAW.

Penobscot. Opinion December 8, 1885.

_Assignee._ *Indorsement of Writs. R. S., c. 82, §§ 128, 129. Equity practice.*

'The provision of the statute requiring an assignee of a claim in suit to indorse the writ or process, does not apply to a bill in equity, even if the bill is inserted in a writ.

'The law court, as a rule, does not entertain preliminary questions in equity until final hearing; but will do so where postponement might unjustly defeat the end sought to be gained by the preliminary proceeding.

ON EXCEPTIONS.

Bill in equity inserted in a writ. The defendant made a motion in writing that Nathaniel Dustin, assignee of Robert W. Gilmore, one of the plaintiffs, have his name and place of residence indorsed on the writ in this action. The exceptions were to the ruling of the court in overruling that motion.

*Thomas H. B. Pierce,* for the plaintiff, cited: *McGee* v. *McCann,* 69 Maine, 82.

*Josiah Crosby,* (*V. A. Sprague,* with him,) for the defendant, cited: R. S., c. 81, § 6, and c. 82, § 128 ; *Staples* v. *Wellington,* 62 Maine, 9 ; *Simpson* v. *Bibber,* 59 Maine, 196 ; 2 Story's Eq. § 1040 ; *Rice* v. *Stone,* 1 Allen, 569 ; *Ware* v. *Bucksport & Bangor R. R. Co.* 69 Maine, 97.

PETERS, C. J. We regard the ruling as correct. We do not see that the statutory provision, which requires an assignee to indorse his name on a writ or process, was intended for bills in equity. R. S., c. 82, § § 128, 129. There would be an incongruity in it. The statute requires judgment for costs to go against the assignee and the assignor jointly, if the other side prevails. But whether costs shall be awarded or not in a case in equity, is for the court to determine, as a matter in its discretion. An assignee can be included as a party in a bill in equity when he could not be in an action at law. There is a plausibility in the defendant's position, still we think the motion should be denied.

A question arises whether a bill of exceptions can be heard in this court before a case in equity comes up for a final hearing. Generally, it would be an irregular proceeding. But as the peculiar character of the present question hardly admits of postponement, if any benefit is to be derived from it by the moving party, we think it would not be an infraction of the rules usually regulating equity proceedings, to give these exceptions a privileged position on the docket. It is authorized by the example furnished in the case of *Spaulding* v. *Farwell,* 62 Maine, 319. *Exceptions overruled.*

DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.