MYSTIC S. GARDNER vs. CHARLES D. BUTLER & others.

Berkshire.   September 11, 1906. — October 17, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Evidence,* Presumptions and burden of proof.   *Judgment,* Entry of.   *District Court of Central Berkshire.   Practice, Civil,* Exceptions.

The record of a district court imports verity and is presumed to be true until the contrary is shown.

On the issue whether in a previous action for liquidated damages a judgment upon a default had been entered in the District Court of Central Berkshire on a certain day, which was the Friday following the default, it was found by the trial judge in the Superior Court, that in the district court no specific order for judgment was made on the day in question, and that there was no evidence of any standing or general order of that court that judgment should be so entered except so far as such order might be inferred from the existence of "the custom [of that court] in a civil action for liquidated damages, where the defendant is defaulted for non-entry of an appearance, for the clerk of said court to assess the damages and enter judgment on the Friday following the day of default; and that it is the rule of said court that all such actions are ripe for judgment upon default." By St. 1869, c. 416, § 5, the standing justice of that court is given "power to make all proper rules for the conduct of the business of said court," but it did not appear that he had made any rule upon the subject. The judge of the Superior Court ruled that there was no rule of the district court requiring the entry of judgment upon a default at any particular time so imperative that in the absence of any record of a judgment such a judgment could be presumed. *Held,* that the ruling was right; that, whether or not the custom shown would support an entry of judgment appearing upon the record if it was disputed as entered without authority, it was not equivalent to such a direct unvarying order as to create an implication that a record showing no such entry of judgment was wrong.

The admission of evidence which in no way could have prejudiced the excepting party is no ground for exception.

BILL IN EQUITY, filed September 9, 1904, to restrain the defendants from selling on an execution issued in their favor against one Ernest Johnson certain real estate in Pittsfield to which the plaintiff claimed title.

At the trial in the Superior Court before *Harris,* J. the following facts appeared:

The defendants brought an action of contract for liquidated damages against Ernest Johnson in the District Court of Central Berkshire and attached the real estate in question, then

standing in Johnson's name. The writ in that action was returnable on February 27, 1904, and was duly entered. The defendant Johnson entered no appearance and on the following Tuesday, March 1, 1904, a default was entered. No judgment was entered until July 15, 1904, after the default had been taken off and the defendant had been defaulted again as stated in the opinion.

The execution issued on August 8, 1904, and on August 12, 1904, a levy was made on the real estate in question, which as above stated had been attached when the action was brought on February 27, 1904.

On June 2, 1904, Johnson gave the plaintiff a quitclaim deed of the real estate in question dated May 16, 1904. The consideration for this deed was money lent by the plaintiff to Johnson.

The plaintiff contended that under R. L. c. 167, § 55, and R. L. c. 193, § 20, the attachment of the real estate was dissolved because no execution was issued within thirty days after final judgment, and that the execution subsequently issued was not good against the plaintiff's deed.

The allegations of the bill relating to this contention were as follows:

" The plaintiff herein alleges that the defendant Johnson in said action in the District Court of Central Berkshire having been declared defaulted on March 1, 1904, and having from that day to March 4, 1904, at ten o'clock in the forenoon, said March 4 being the Friday of the week, taken no action in said case, said action was ripe for judgment on said last mentioned day and that the clerk of the said District Court of Central Berkshire ought according to law to have entered said judgment upon the declaration to wit upon the account annexed thereto, and costs of the suit. That the neglect of the clerk so to do did not invalidate the judgment or postpone its operation; that said judgment was in full force and effect from said day; that said judgment was never vacated; that it was a final judgment for the plaintiffs; that no action was taken and no execution was issued for thirty days after said final judgment; and that the attachment in said case was thereby dissolved. All of which was prior to the date of the deed of said Johnson to the plaintiff."

The evidence relied upon in support of these allegations is stated in the opinion, where also are stated the findings of fact made by the judge.

Upon these findings of fact the plaintiff asked the judge to rule as follows:

The defendant Johnson in Butler *et als.* v. Johnson, having been defaulted for non-appearance on March 1, it was the duty of the clerk, according to the standing order of the court, to assess the damages which were liquidated, and to enter judgment for the plaintiffs Butler at ten o'clock A. M. on March 4, and such judgment is deemed in law to have been entered on said March 4.

Under the rules of the District Court of Central Berkshire judgment for the plaintiffs Butler is deemed in law to have been rendered and entered on March 4, and no further action having been taken in the case for thirty days, the attachment was dissolved.

The case of Butler *et als.* v. Johnson being ripe for judgment on March 1 when the defendant was defaulted for not appearing, the clerk under R. L. c. 177, § 2, should have entered judgment on March 4, and such judgment is deemed in law to have been entered.

The judge refused to rule as requested, and ruled that there was no rule of the District Court of Central Berkshire requiring the entry of judgment upon default at any particular time and so imperative that in the absence of any record of a judgment a judgment could still be presumed. The plaintiff alleged exceptions.

The judge made a decree dismissing the bill with costs to the defendants. The record does not show that the plaintiff appealed.

*J. W. Lewis,* for the plaintiff.

*J. F. Noxon,* for the defendants.

HAMMOND, J. The writ upon which the attachment was made was returnable on February 27, 1904, and on that day was duly entered. The defendant Johnson made no appearance, and on March 1, 1904, a default was entered.

At the trial of the present case the plaintiff contended that the original action went to judgment on March 4, 1904, that

being the Friday next after the default. The record discloses no such judgment. On the contrary it shows that the default of March 1 was removed on April 11, in accordance with an agreement of the parties, and the defendant Johnson appeared; that on June 29 the plaintiffs Butler *et als.* filed a notice of an assignment for trial on July 9; that on the last mentioned day the defendant, not appearing, was again defaulted; that on July 15 judgment was entered on this last default; and that on August 8 of the same year the execution was issued. The record is simple and consistent with itself. No judgment was entered upon the first default.

The plaintiff in the present case contends, however, that even if no entry of judgment appears upon the record, still in law the case went to judgment on March 4, upon the first default, and the clerk should have made a record of it. The judgment, whenever made, must be by the order of the judge, and the duty of the clerk is simply to record this order. The trial judge found that no specific order for judgment was made on March 1 or March 4, 1904. Nor was there any evidence of any standing or general order of the district court that judgment should be so entered except so far as such order might be inferred from the existence of "the custom . . . [of that court] . . . in a civil action for liquidated damages, where the defendant is defaulted for non-entry of an appearance, for the clerk of said court to assess the damages and enter judgment on the Friday following the day of default; and that it is the rule of said court that all such actions are ripe for judgment upon default." This is far from a finding that the rule required judgment to be entered.

The judge ruled that there was no such rule of the court requiring the entry of judgment upon default at any particular time and so imperative that in the absence of any record of a judgment a judgment could still be presumed.

The ruling was right. The record imports verity. The standing justice of the district court has "power to make all proper rules for the conduct of the business of said court." St. 1869, c. 416, § 5.* He does not appear to have made or pro-

* St. 1893, c. 396, § 59, incorporated in R. L. c. 160, § 45, was not mentioned in the record and was not referred to in the arguments or briefs.

mulgated any rule upon the subject, and no general imperative order as to the matter of judgment upon default for lack of appearance appears to have been in existence. Whether or not the custom shown would be strong enough to support an entry of judgment appearing upon the record in case of an attack upon it as entered without authority, it is certain that such a custom is not the equivalent of a direct, special, unvarying order, so far at least as to lead to the presumption that a record showing no judgment, or showing subsequent action of the court inconsistent with judgment, is wrong. The record still stands as importing verity, and in accordance therewith it must be held that the case did not go to judgment until July 15, 1904. The case widely differs from *Pierce* v. *Lamper*, 141 Mass. 20, and other similar cases upon which the plaintiff relies.

This view of the main contention of the plaintiff renders it unnecessary to consider the exception to the admission of the statement of Johnson that he had entered an appearance. Its admission in no way could have prejudiced the plaintiff.

*Exceptions overruled.*