## Docite Chasse *vs.* Henry Soucier.

## Aroostook.    Opinion March 7, 1919.

*Reports of referees.    Acceptance of same.    Exceptions to ruling of court accepting referee's report.    General rule covering discretion of court in such matters.*

On exceptions to the ruling of the presiding Justice, accepting the report of referees appointed under a rule of court, it is

*Held:*

1.   The acceptance of the report of referees is a matter of judicial discretion and when that discretion is judicially exercised, the decision of the presiding Justice is final and conclusive.

2.   By making the ruling of another Justice at a previous term upon the recommitment of the report, a part of the bill of exceptions, the scope of inquiry is not enlarged and the correctness of the ruling of the former Justice cannot be examined here, when no exceptions to that ruling were taken.    That ruling could have been brought before this court only by exceptions duly signed and allowed by the Justice who made it or by one of the methods prescribed by R. S., Chap. 82, Secs. 55 and 56.

Exceptions to the ruling of presiding Justice accepting the report of referees.    Exceptions overruled.

Case stated in opinion.

*Hersey & Barnes,* for plaintiff.

*Shaw & Thornton,* for defendant.

SITTING:   CORNISH, C. J., HANSON, PHILBROOK, WILSON, DEASY, JJ.

CORNISH, C. J.    This is an action of assumpsit brought under the statute to recover the value of improvements on real estate made by a squatter.    R. S., 1903, Chap. 106, Sec. 43, P. L., 1911, Chap. 74, R. S., 1916, Chap. 109, Sec. 43.

The writ was entered at the September term, 1915, of the Supreme Judicial Court for Aroostook County.    At the November term, 1915, by agreement the case was referred to three referees under a rule of Court.    At the November term, 1916, the referees filed their report awarding the plaintiff damages in the sum of nine hundred

and thirty-eight dollars. On the third day of that term the defendant filed a motion to recommit the report to the referees for further hearing and determination, assigning six reasons therefor.

Upon this motion, testimony was taken, and after a full hearing the presiding Justice filed his decision, giving somewhat fully his reasons therefor and concluding : "I therefore overrule the request to set aside the finding and award of the referees." Counsel for the defendant contends that this was not a ruling upon the motion as presented, that motion being to recommit and not to set aside the findings. From the reading of the entire decision however, it is apparent that the presiding Justice was satisfied that the report was correct and should be neither modified nor set aside. While the language of the decision might have followed more closely the language of the motion yet his determination was a virtual denial of the motion to recommit. The only purpose of such a motion is by further hearing to secure a change in the award. An affirmation of the award as made is a necessary denial of the motion to recommit. The greater includes the less. No exceptions were taken to this ruling.

At the November term, 1917, a hearing was had on the acceptance of the report and the presiding Justice ordered the report accepted. To this ruling the defendant filed an exception and that is the only exception before this Court. True, the bill of exceptions states "writ, pleadings, report of the referees, the motion to recommit the report to the referees and the report of Justice MADIGAN on the motion to recommit are referred to and made a part of the bill of exceptions" but that does not enlarge the scope of our inquiry so that the correctness of the ruling of the former Justice can be examined here. That ruling could have been brought before this Court only by exceptions duly signed and allowed by the Justice who made it or by one of the methods prescribed by R. S., Chap. 82, Secs. 55 and 56. But, as before stated, no exceptions were taken to that ruling, and the single issue now presented is the validity of the acceptance of the report at the November term, 1917.

This was a matter of judicial discretion and if the discretion was judicially exercised as defined by this Court in *Charlesworth* v. *American Express Co.*, 117 Maine, 219, 221, no exceptions lie to the ruling. Under such circumstances the decision of the presiding

Justice is final and conclusive. *Walker* v. *Sanborn*, 8 Maine, 288; *Cutler* v. *Grover*, 15 Maine, 159; *Preble* v. *Reed*, 17 Maine, 169; *Harris* v. *Seal*, 23 Maine, 435; *Furbish* v. *Ponsardin*, 66 Maine, 430. Nothing has been brought to our attention in this case showing any abuse of discretion nor is that contention made. Therefore the ruling must stand.

It might be added that were the ruling of the former Justice made at the November term, 1916, legally before us it would be governed by the same principles and would be sustained for the same reasons.

*Exception overruled.*