## Nathan Ginsberg vs. Julius Epstein.

Penobscot County. Decided March 20, 1919. Exceptions to the acceptance of a referee's report. The case was referred, heard, and a report made to the court at nisi. Upon motion for the acceptance of the report, objection was raised, and a written motion made for a hearing to correct the report. A hearing was had before the presiding Justice, who ordered the report accepted. To this order exceptions were filed and allowed. The ground for the exceptions is:

That at the hearing before the court, "on account of the press of time, the court refused to give to the defendant the time that was necessary to go as fully into the matter as it was the desire of the defendant to go in order to establish the mistakes made by the referee in his report, and without a full hearing, and without an opportunity on the part of the defendant to show to the court the mistakes upon which he relied, and on account of which he objected to the acceptance of the report, the court accepted the report, at the same time reserving the defendant the right to except to the ruling."

The acceptance or rejection of a report of a referee is not a question of law, but a matter of discretion. This rule is fully established in *Furbish* v. *Ponsardin,* 66 Maine, 430. But the discretion is of a judicial character, and must be exercised, judicially. *Charlesworth* v. *American Express Co.,* 117 Maine, 219; 103 Atl., 358; *Chasse* v. *Soucier,* 105 Atl., 853, not yet officially reported. All judicial proceedings are predicated upon a full hearing or an opportunity to be fully heard. Judicial discretion is a judicial judgment, and must be based upon the requirements of judicial procedure. A fundamental requirement is a hearing or opportunity to be heard.

The exceptions in the case before us show that the defendant did not have a full hearing nor an opportunity to be fully heard. At least the exceptions so unequivocally state and as fully established we are required to consider them upon the legal import of the language. · Accordingly we are of the opinion that the defendant should have the opportunity of a full hearing upon the acceptance of the report. Exceptions sustained. *George E. Thompson*, for plaintiff. *Arthur L. Thayer*, for defendant.