Maud I. Davis

*vs.*

Martin V. Cass et als.

Harry S. Newcomb

*vs.*

Martin V. Cass et als.

Cumberland.   Opinion May 28, 1928

*Jacob H. Berman,*
*Benjamin L. Berman,*
*Edward J. Berman,*
*David V. Berman,* for plaintiffs.
*Harry C. Wilbur,* for defendants.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

WILSON, C. J. These cases were certified to this Court from the Superior Court for the County of Cumberland under Sec. 47, Chapter 82 R. S., and have been argued together. The issues involved are sufficiently similar so that they may be disposed of by one opinion.

## DAVIS CASE

On July 12, 1922, Maud I. Davis sued out her writ of attachment against Martin V. Cass et als returnable at the September Term of said Superior Court, on which writ an attachment of real estate of the defendants was made. At the return term, an appearance was entered for the defendants and pleadings of the general issue filed. On September 24, 1923, a statute bond for the release of the attachment of real estate was furnished the plaintiff by the defendants with the Fidelity & Deposit Co. of Md., one of the defendants in the case now at bar, as surety, which bond was approved by the plaintiff's attorney and the attachment released.

Nothing having been done toward the prosecution of this action for a period of more than a year, under a rule of the Superior Court, according to the report of the case, the action, at the December Term, 1923, was marked "dismissed" by the clerk, the docket entry being the usual one of "dismissed."

At the February Term, 1925, by agreement of counsel for the plaintiff and the defendants, but without notice to the surety on the bond, the entry of "dismissed" was stricken off and the case restored to the docket and referred by "agreement of counsel" to a referee. No hearing was had before the referee, but by agree-

ment of counsel the referee filed a report that judgment should be entered for the plaintiff for a sum agreed upon which was less than the amount claimed in the writ. Judgment was entered at the March Term, 1925, and execution issued and returned unsatisfied. Whereupon this action was brought on the bond given for the release of the attachment. The principals in the bond make no defense in the action now at bar; but the surety contends that the case having been finally disposed of at the December Term, 1923, by dismissal under a rule of the Superior Court, it must be considered as having gone to judgment at that term so far as the original action was concerned and the power over it in the Court below exhausted; and the surety was thereby relieved of liability on the bond.

This contention is sustained. It is true a court has power over its records to strike off entries made through error or mistake, even if made at a previous term, so long as the record of the case remains incomplete; or at the same term, by consent of the parties, an entry though duly made and finally disposing of the case; or under some circumstances the Court may on motion of one party strike off an entry of judgment, if made by mistake, though made at a previous term. *Lothrop* v. *Page*, 26 Me., 119; *Stetson* v. *Corinna*, 44 Me., 29; *West* v. *Jordan*, 62 Me., 484; *Priest* v. *Axon*, 93 Me., 34; *Meyers* v. *Levenseller*, 117 Me., 80; *Hersey* v. *Weeman*, 120 Me., 262; *Sawyer* v. *Bank*, 126 Me., 314.

When, however, a valid and final judgment disposing of the pending action has been entered on the record, and the parties are out of court, the judicial power of the court ceases, and it does not lie in the discretion or power of the court at a subsequent term to bring the action forward. Judicial power has been exhausted. *Meyers* v. *Levenseller*, supra; *Shepherd* v. *Rand*, 48 Me., 244; *Priest* v. *Axon*, supra.

In the original action against the principals in the bond, the action was dismissed, according to the report, under a rule of court. The rule under which this action was taken is not made a part of the report. This court can not take judicial notice of the rules of another court, but the docket entries in the case which are made a part of the report, and which of necessity are an abbreviated history of the proceedings, expressed in terms having a

well established meaning, of themselves import verity, *Gardner* v. *Butler*, 193 Mass., 96, 100, and regularity of procedure, and though the report contains a further statement that the dismissal was by the clerk, it also states it was done under a rule of court.

The only presumption from this is that the dismissal was done with the sanction of the presiding justice and by his authority, *Leeds* v. *County Com's* 75 Me., 533, 535, and that the result was a final disposition of that action, which is borne out by the fact that no steps were taken to restore it for more than a year or until the February Term, 1925. *Cheney* v. *B. & M. R. R.*, 246 Mass., 502.

Final judgment in the original action, therefore, having been entered, as we must presume it was, on the last day of the December Term, 1923, *Chase* v. *Gilman*, 15 Me., 65, and it not appearing to have been done by error or mistake but under a rule of court, the power of the Court over this action was exhausted. It could neither be restored to the docket at a later term by agreement of counsel or by the court, especially where the rights of third parties were involved, *Shepherd* v. *Rand*, supra; *Priest* v. *Avon*, supra; *Davis* v. *Nat. Life Ins. Co.*, 187 Mass., 468; *Pierce* v. *Lamper*, 141 Mass., 20.

## NEWCOMB CASE

In the case of *Newcomb* v. *Cass et als*, a writ of attachment against *Martin* v. *Cass et als* was sued out by the plaintiff from the same court on August 20th, 1923, returnable at the September Term following, on which an attachment of real estate was made. At the same time the bond was given in the Davis case *supra* for the release of the attachment, a similar bond was given in the Newcomb case and the attachment was released.

No service, however, was made in the Newcomb case on either of the defendants in the action; nor did defendants appear at the return term, either personally or by counsel; nor was any order of service asked for or issued at the return term, as required under Sec. 23, Chap. 86 R. S. On the last day of the September Term, the docket of the Superior Court shows an entry: "Dismissed for want of service." It was the only disposi-

tion of the case which could be made, unless the defendants voluntarily appeared.

Whether it was intended by the language of the report to suggest that it was dismissed by the clerk without the authority of the court is not clear. From the docket entry, however, the presumption is, at least after a lapse of fourteen months, that it was dismissed in due course by order of court and with the knowledge of counsel, nothing appearing in the report to the contrary. A bare statement in the report that "it was dismissed by the clerk for want of service" is not sufficient to overcome the presumption arising from the docket entry and the presumption attending acts of public and especially of court officials, that such acts are regularly and duly performed. *Leeds* v. *County Com's*, supra.

Having been so dismissed and final judgment so disposing of the case having been made at the September Term, 1923, as in the case of *Davis* v. *Cass et als*, supra, the power of the court to restore it to the docket had been exhausted, nor could it be revived by agreement of counsel.

As to whether it could in any event have been restored to the docket without notice to and knowledge of the surety on the attachment bond we do not decide; but the case is clearly not governed by the case of *Sawyer* v. *Bank*, supra, where the entry of "neither party" was made upon a misunderstanding and the court at the same term before a final judgment was entered in the case ordered the entry stricken off, in which case the lien of an attachment in the action was held to be in no way affected.

*Judgment for the defendants in both actions.*