ALICE MUNSEY, PETITIONER IN REVIEW
*vs.*
PUBLIC LOAN CORPORATION, RESPONDENT IN REVIEW

Sagadahoc.   Opinion, May 17, 1955.

*Harold Rubin,* for petitioner.

*Basil A. Latty,* for respondent.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

FELLOWS, C. J.     This case comes to the Law Court from the Superior Court of Sagadahoc County on exceptions by the respondent to an order of the presiding justice granting the petition of the plaintiff for a writ of review.

Briefly, the agreed facts are as follows: The plaintiff in review (defendant in the original case) had paid to the respondent corporation the sum of $210.59 towards principal and interest on an $800 note up to January 19, 1952. The defendant Public Loan Corporation (which was the plaintiff in the original action) also repossessed from the makers of the note a 1946 Chevrolet truck, which truck was given as security for the note. The repossession took place prior to the date of the suit by the Public Loan Corporation against this petitioner on April 21, 1954. By agreement between counsel for this plaintiff in review and the defendant corporation, at the June term, 1954 of the Superior Court for the County of Sagadahoc, the following docket entry was made: "Judgment for the plaintiff by agreement." Subsequent to the making of such docket entry the plaintiff (now the defendant in review) presented to the Clerk

of the Superior Court the original note signed by the plaintiff in review, on which there appeared the principal sum due of $800. No credits appeared, and no additional information was furnished to the clerk with reference to any credits. Pursuant to the terms of said original note, the clerk entered judgment for the principal amount of the note and in addition computed interest and charges as called for in the note, and as a result entered judgment for $982.83 and costs of court in the sum of $15.31, and execution was issued for these sums.

The writ brought by the defendant in review, with declaration inserted in the writ, set forth the recital of said note and alleged therein that there was then and there payable at the date of said writ the sum of $853.33, with $128.00 attorney's fees in accordance with the terms of said note. It was agreed that the defendant in review in computing this amount due had given credit to the plaintiff in review the sum of $210.59 representing cash payments made to the defendant in review, and in addition had given her credit for the sum of $100.00 which represented the amount received on the sale of the 1946 truck repossessed and sold in accordance with the terms of the mortgage on said truck.

The Clerk of the Superior Court in entering up judgment on the note, endeavored to compute the amount of interest due on the note in accordance with the terms of the note as alleged in the declaration, but it is agreed that the clerk did not compute the correct amount as called for in the note, and it is admitted that the amount of judgment entered by the Clerk of Courts in the sum of $982.83 was in error. The error, however, was trivial (approximately $1.50) and in favor of this petitioner, Alice Munsey.

The foregoing facts were agreed to by counsel in the statement of facts submitted, and show that the parties

agreed to a judgment for the plaintiff, and that the defendant Loan Corporation gave to the Clerk of Courts the note as declared on in its writ.

The issue presented is whether the presiding justice was in error when he granted the plaintiff's petition for review.

The right of a party to review, and the authority of a court to grant such review, is based upon the statutory authority enacted by the Legislature of Maine. The law upon which this petition is founded is set forth in Chapter 123, Section 1, Subsection 7, Revised Statutes 1954, wherein it is stated: "A review may be granted in any case where it appears that through fraud, accident, mistake or misfortune justice has not been done and that a further hearing would be just and equitable, if a petition therefor is presented to the court within six years after judgment."

There are three things which the petitioner must prove in order to justify the granting of review, (1) that justice has not been done, (2) that the consequent injustice was through fraud, accident, mistake or misfortune, and (3) that a further hearing would be just and equitable. *Donnell* v. *Hodsdon,* 102 Me. 420; *McDonough* v. *Blossom,* 109 Me. 141; *Thomaston* v. *Starrett,* 128 Me. 328; *Thompson* v. *American Agricultural Chemical Co.,* 134 Me. 61; *Dupont* v. *Labbe,* 148 Me. 102.

A petition for review will be denied if the attorney was negligent, for his negligence unexplained is the negligence of his client. *First Auburn Trust Co.* v. *Baker,* 134 Me. 231; *Leviston* v. *Historical Society,* 133 Me. 77; *Richards Co.* v. *Libby,* 140 Me. 38.

It is well settled that judicial discretion must be exercised soundly, according to the well established rules of practice and procedure, a discretion guided by the law. It is magisterial and not personal discretion. *Dupont* v. *Labbe,*

148 Me. 102; *Donnell* v. *Hodson,* 102 Me. 420; *Summit Thread Co.* v. *Corthell,* 132 Me. 336; *Bourisk* v. *Mohican Co.,* 133 Me. 207; *Charlesworth* v. *American Express Co.,* 117 Me. 219; *Fournier* v. *Tea Company,* 128 Me. 393; *Chasse* v. *Soucier,* 118 Me. 62. Each petition for review under this section of the statute is addressed to the sound discretion of the court and must rest upon proven facts. *Richards Co.* v. *Libby,* 140 Me. 38.

In the case at bar, was there negligence on the part of the attorney for this petitioner at the time of his agreement for judgment for the plaintiff corporation? Was there evidence of fraud, accident, mistake or misfortune?

The real complaint in this case seems to lie in the fact that Alice Munsey now claims she was not allowed sufficient credit from the repossession of the truck by Public Loan Corporation. She evidently claims in her brief and in her petition that she was entitled to have the fair value of the truck determined, and that the fair value was in excess of the $100 actually credited.

It is agreed that there should be judgment for the plaintiff. The action was upon a note with a statement in the declaration of the amount due thereon. Under ordinary practice on filing a note with the clerk there remains nothing to be done but the computation of interest and entry of judgment. The judgment entered is that of the court, although the clerical work is done by the clerk. See Spaulding's Practice, Chapter XXV, "Judgments."

The clerk in this instance incorrectly computed the amount of the note as declared on. It appears, however, from the facts agreed that the judgment so computed was less than that to which the Public Loan Corporation was entitled. We have at best an error in computation. Such an error may be corrected if necessary by the Superior Court. See *Lewis* v. *Ross,* 37 Me. 230.

If Alice Munsey had been defaulted for lack of appearance in the Superior Court, the judgment would have been entered for the amount stated in the writ, plus interest and costs, upon delivery of the note to the clerk. Spaulding's Practice, *supra*.

In the instant case it was agreed that credit had been given for payments made and to the extent of $100 received for the truck. The agreement for judgment does not say and does not indicate that there would be a hearing before the clerk on damages. This action is not comparable to a tort case in which evidence is usually heard as to the damages. Here the amount due on the note is set forth as completely as would be a statement of the balance due for goods or services on an account annexed, and this was known to both parties when the agreement was made that judgment was to be entered for the plaintiff. Spaulding's Practice *supra*.

If Public Loan Corporation had in its writ set forth the agreed payment of $210.59 and the agreed credit of $100 for the truck, thus setting forth in detail how the amount of $981.33 was arrived at, there would have been nothing further to be done by the clerk than to enter judgment for the amount stated in the writ, plus interest and costs.

If the petitioner claimed at the time of the agreement for judgment that the $100 actually credited for the truck was not sufficient, the attorney should have made no agreement for entry of judgment for the plaintiff, and perhaps the case should have been tried.

There was no fraud suggested or proved. There was no evidence of accident. There was no legal misfortune. If there was a mistake in the amount of interest figured by the clerk, it was trivial and in favor of the claiming petitioner. If, as a matter of fact, the repossessed truck was worth more than the $100 received by Public Loan Corporation

and a larger value could have been proved, the only "mistake" was that there was an agreement for judgment on the writ. The record is barren of any evidence that the truck was worth any more than the $100 received for it, although the petitioner now says (without evidence to show it) that more should have been credited.

It is clear that the real claim of the petitioner relates to her supposed value of the truck when repossessed, and it was evidently this claim that unduly influenced the decision of the justice who heard the case. It is often an impossibility not to have a natural and blinding sympathy for one who, in order to secure a small loan, has been obliged to promise to pay what may seem to be an unreasonable rate of monthly interest, even if the loan company has a statutory right to demand it. There was no evidence, however, before the justice presiding, and none before us, that the truck was worth more than the amount it sold for and which the agreed facts show was credited.

The record does not show evidence of fraud, accident, or mistake that the statute requires. The entry must be

*Exceptions sustained.*