FRANK A. GIBSON
*vs.*
RODERICK MCMILLIN

Oxford.  Opinion, May 11, 1961.

*Gerry Brooks,* for plaintiff.

*Mahoney & Desmond,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J.  This cause originated before the promulgation of the Maine Rules of Civil Procedure by a writ return-

able to the Norway Municipal Court. It is a tort action in which the plaintiff sought to recover property damages arising out of a motor vehicle collision. The declaration contains the usual allegations of due care on the part of the plaintiff, negligence on the part of the defendant, and damages.

The case was defaulted in the Municipal Court and judgment entered for the plaintiff. The defendant appealed to the Superior Court.

It appears that no pleadings were filed by the defendant in either court and the case went to a hearing before a single justice without a jury and without a stenographic reporter. The presiding justice entered a decree wherein, after a finding that the plaintiff was guilty of contributory negligence, judgment for the defendant was ordered.

The plaintiff then filed an appeal under the provisions of the new rules.

No stenographic report being available, plaintiff attempted to prepare a statement of the evidence, pursuant to the provisions of M. R. C. P. 75 (m), which rule permits the preparation of a statement of evidence from the best available means, including recollection, for use instead of a stenographic transcript.

The record indicates that this statement as prepared by counsel for the plaintiff was properly served upon the counsel for the defendant. Counsel for the defendant thereupon filed objections to certain portions of the statement prepared in behalf of the plaintiff.

Subsequent to the entry of judgment for the defendant, the presiding justice filed a certificate purporting to be pursuant to the provisions of M. R. C. P. 52 (a) in which he stated that: "By cross examination and through questions addressed by the court to the plaintiff and his chief witnesses glaring inconsistencies in the plaintiff's contentions were apparent to the presiding justice. Lacking too was

credibility. The plaintiff's contributory negligence was established by his own testimony."

Plaintiff now argues that the issuance of such a certificate is not sanctioned under the provisions of M. R. C. P. 52 (a) and he seeks to have this certificate stricken from the record.

A study of the rule involved appears to sustain the contention of counsel. Consequently, we shall give no consideration to this certificate of the presiding justice.

However, there are other reasons, entirely unrelated to this certificate, actuating the opinion we propose to render.

Counsel for the plaintiff invokes the provisions of M. R. C. P. 8 (d) and contends that because of failure on the part of the defendant to deny the allegations contained in the declaration in the writ, they are to be considered as having been admitted.

He also argues that under the provisions of M. R. C. P. 8 (c) there was an obligation on the part of the defendant to plead as an affirmative defense the contributory negligence of the plaintiff if he intended to rely on such defense. This is an erroneous conclusion on the part of counsel for the plaintiff. Contributory negligence is not an affirmative defense, except in actions for negligently causing death or for injuries to a person who is deceased at the time of the trial, and the burden of proving due care in a tort action of this type has always been, and still is, on the plaintiff.

As to the other contention based upon M. R. C. P. 8 (d), we must remember that this action was instituted prior to the time when the new rules went into effect. The record is bare of any indication that objection was made by the plaintiff to the fact that no pleadings had been filed. Had such objection been made, undoubtedly the simple plea of the general issue would have been prepared and filed. We must, therefore, conclude that the cause was tried as if the defendant had filed a plea of the general issue.

Reverting now to M. R. C. P. 75 (m), this rule contains a provision that when objections are filed to a statement prepared upon recollection, such statement must be submitted to the court for settlement and approval.

There is nothing in the record to indicate that this procedure was followed.

Consequently, as far as this court is concerned we are left simply with a case where there is no record before us of the evidence which was adduced at the trial before the presiding justice.

The appeal must, therefore, be considered purely upon the provisions of M. R. C. P. 52 (a) which reads as follows:

> "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

This court has had occasion to interpret this rule in the very late decision of *Harriman* v. *Spaulding*, 156 Me. 440.

The entry will be:

*Appeal dismissed.*