NORTHLAND INDUSTRIES, INC.
*vs.*
KENNEBEC MILLS CORPORATION
(#6796)

NORTHLAND INDUSTRIES, INC.
*vs.*
KENNEBEC MILLS CORPORATION
(#6842)

DONALD R. MICHAUD
*vs.*
NORTHLAND INDUSTRIES, INC.
AND
KENNEBEC MILLS CORPORATION
(#7739)

Kennebec.   Opinion, November 1, 1965.

*Richard J. Dubord,* for Northland Industries.
*Jerome G. Daviau,* for Michaud.

*Bradford H. Hutchins,* for Defendants.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, DUFRESNE, JJ. RUDMAN, AND MARDEN, JJ., did not sit.

WEBBER, J.    On September 22, 1961 Northland Industries, Inc. brought an action (#6796) against its tenant, Kennebec Mills Corporation, claiming damage from the leakage of oil alleged to have been caused by defendant's negligence.

On October 2, 1961 Northland again sued Kennebec claiming damage subsequent to September 22, 1961 and alleging that defendant *wilfully* permitted the continuing flow and escape of oil from the premises controlled by it (#6842).

After answering both complaints Kennebec filed a motion dated April 2, 1962 setting forth that it had been notified by plaintiff's counsel that the claim which was the subject matter of the complaint in #6796 had been assigned to one Donald R. Michaud at some time subsequent to the commencement of that action.    The motion prayed the

determination of the court as to the validity of such assignment and, if required, the addition or substitution of Michaud as plaintiff either as the real party in interest or as a necessary party. A like motion was filed as to #6842. After notice and hearing in which Michaud participated by counsel, the justice below determined that "the purported assignment from Northland * * * to Donald Michaud is * * * invalid and that Donald Michaud is not a party in interest." No appeal was taken. On June 13, 1962 Northland filed a motion for relief from this order of the court. This motion ws denied on September 30, 1964. On October 26, 1964 Michaud filed notice of appeal from the denial of the motion for relief from judgment.

We are satisfied that the defendant Kennebec was entitled to ascertain whether or not the purported assignee was or was not the real party in interest and in any event to have the real party in interest established as plaintiff. The motion employed for that purpose was an appropriate vehicle which tendered the issue for determination by the court. M.R.C.P. Rule 17; comment sec. 17.2; see *Barron & Holtzoff Federal Practice and Procedure,* Vol. 2, Chap. 8, Sec. 482, page 15 *et seq.*

On September 25, 1962 Donald R. Michaud brought a new action (#7739) naming both Northland and Kennebec as defendants and alleging that the two prior actions brought by Northland against Kennebec had been assigned to him on January 12, 1962 and asserting claims of negligent and wilful conduct on the part of Kennebec with respect to oil leakage and a failure on the part of Kennebec to pay either Northland or the plaintiff therefor.

The defendants seasonably filed motion for summary judgment basing the same upon the undisputed fact that the assignment relied upon by the plaintiff Michaud was the same previously adjudicated invalid in the prior proceeding. On August 20, 1964 the justice below granted the

defendants' motion for summary judgment. This order was appealed on August 28, 1964.

We turn first to the summary judgment ordered in #7739. The justice who made that order viewed the decision made in #6796 and #6842 adverse to Michaud on the issue of the validity of his assignment as binding upon him in subsequent actions involving the same issue and the same parties.

In this connection the justice below quoted the language of the court in *Providential Development Co.* v. *United States Steel Co.* (1956), 10th Cir., 236 F. (2nd) 277, 280:

> "It is the rule of long standing and frequent repetition that where a second suit between the same parties, or their privies, is on the same cause of action, the final judgment in the prior action is conclusive as to all matters which were actually litigated and as to every issue, claim, or defense which might have been presented; and that where the later suit is upon a different cause of action, the judgment in the former operates as an estoppel only in respect to the issues and questions which were actually litigated and determined."

The doctrine of "collateral estoppel by judgment" has been recognized and applied in numerous opinions in Maine. *Cianchette* v. *Verrier, et al.* (1959), 155 Me. 74, 88, 151 A. (2nd) 502; *Bray* v. *Spencer* (1951), 146 Me. 416, 419, 82 A (2nd) 794; *Burns* v. *Baldwin-Doherty Co.* (1934), 132 Me. 331, 333, 170 A. 511.

Michaud had been effectively drawn into the case by notice of the hearing in which he later participated. At the hearing his counsel presented such evidence as was available tending to support the validity of the assignment. The issue at this hearing was clear and unmistakable. If he had been able to show himself to be the owner by assignment of these claims he would have been substituted as

plaintiff in #6796 and #6842. The decision adverse to him on this issue effectively destroyed his claim as the real party in interest and prevented him from exercising control over the conduct of these cases. In this sense the order possessed the attributes of finality as to his claim of ownership and was immediately appealable as an exception to the "final judgment" rule. For all practical purposes this order of the court ended the case as to Michaud and a resolution of the issue did not admit of postponement if he was to receive any benefit from it. See *Stevens* v. *Shaw*, 77 Me. 566, 567, 1 A. 743, 744; *Munsey* v. *Groves*, 151 Me. 200, 117 A. (2nd) 64; *Socec* v. *Maine Turnpike Authority*, 152 Me. 326, 328, 129 A. (2nd) 212, 213. No appeal was ever taken from the order deciding this issue in #6796 and #6842. In fact no action of any kind was taken by Michaud to challenge or test the adjudication of the court with respect to the assignment. As already noted the only action taken was by Northland, the plaintiff of record in #6796 and #6842, which filed a motion for relief from this judgment under M.R.C.P. Rule 60(b). The commentary on this Rule, Sec. 60.1, accurately reflects its intended purpose and scope:

> "A motion under Rule 60(b) does not affect the *finality or operation* of a judgment. The relief thereby sought is *no alternative to appeal* and courts look askance at any motion where without reason the appellate remedy was not pursued. * * * The motion for relief from a final judgment is addressed to the sound discretion of the trial court; and its action is reviewable by the Law Court only for *abuse of discretion*." (Emphasis ours.)

The motion recites as the first ground for relief that "at hearing by agreement of the parties, the proxies of Audrey Michaud and Donald Michaud to Jerome Daviau were to be submitted to the Court as part of the evidence in the case and this was inadvertently not done;" and that "the

460

Court would probably have taken a different view had this evidence been before it." We have examined the record and find no indication that the decision of the court below in any way depended upon the physical presence or absence of these proxies. Mr. Daviau testified under oath that he held such proxies and this testimony was never contradicted. The decision obviously rested on other grounds. We find no abuse of discretion in the failure to grant relief upon this ground.

The second ground for relief relied upon in the motion was "that the issue as to whether or not Donald R. Michaud is the real party (in) interest was not properly and legally raised." We have already expressed our view that the issue as to the validity of the assignment was "properly" and "legally" raised by defendant's motion to substitute. We are satisfied that such a holding better accords with the spirit and intention of the Maine Rules of Civil Procedure, thereby permitting a defendant to ascertain at a preliminary stage (save only in the case of an insurer) whether or not the plaintiff of record is the real party in interest in the pending action.

In view of the fact that Michaud may have other genuine claims against Northland not stated in #7739, it should be noted that such claims are not barred by the effect of the summary judgment for the defendants therein rendered. That judgment serves only to bar the recovery of the plaintiff as purported assignee of the tort claims set forth in his complaint.

We therefore conclude (1) that the judgment of the court in #6796 and #6842 as to the validity of the purported assignment to Michaud, never appealed from, finally resolved that issue; (2) that in these same cases no error is made to appear in the disposition of the motion for relief from judgment; (3) that the order of the court in #7739 granting summary judgment for the defendants was com-

pelled by the application of the doctrine of estoppel by judgment, the issue as to the validity of the assignment having been fully and finally adjudicated in #6796 and #6842. Without the benefit of a valid assignment of alleged claims, Michaud as plaintiff had no standing to maintain an action against the defendants. The entry in each case will be

*Appeal denied.*