Leland W. **WILLETTE**

v.

Leonard **UMHOEFFER.**

Supreme Judicial Court of Maine.

Sept. 23, 1968.

Sidney H. Geller, Waterville, for plaintiff.

John P. Jabar, Waterville, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal.

On January 28, 1967, defendant was served in hand in a civil action, Docket Number 1452, brought against him by the plaintiff for a sum certain. On March 1, 1967, no answer having been made by the defendant, plaintiff filed an affidavit and request for default and default judgment, and on March 3, 1967, it was ordered and adjudged that the plaintiff recover from the defendant damages in the amount alleged in plaintiff's complaint. On March 7, 1967, defendant filed an answer to plaintiff's

complaint and a counterclaim together with a motion for late entry alleging excusable neglect on the part of the defendant's attorney as explanation of his failure to make timely answer. The notice of the motion for late entry served upon the plaintiff's attorney recited that it would be brought for hearing "on the 4th day of April, A.D.1967, at 9 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard." Plaintiff's counsel was present for hearing at 9 o'clock and when the defendant did not appear in person or by counsel on the afternoon of that day the presiding justice denied the motion. No appeal was taken by the defendant. On April 7, 1967, execution issued on the plaintiff's judgment.

On April 10, 1967, the plaintiff commenced another action against the defendant, Docket Number 1572. It was based on the default judgment and on April 14, 1967, service was made on the defendant and an attachment of his real estate was made. On April 25, 1967, defendant answered this complaint alleging that the execution was invalid and the same day filed in the Superior Court a motion to strike the default judgment and execution that had issued on Docket #1452. It alleged only what would be, if proved, excuse for his failure to appear to prosecute his motion for late entry.

On June 8, 1967, a justice of the Superior Court, who was not the justice who had previously denied defendant's motion for late entry, heard defendant's motion and set aside the default judgment. Counsel for both plaintiff and defendant were present at this hearing. The justice found that the defendant had a reasonable excuse for the occurrence of the default in plaintiff's complaint against him and also that the defendant had a meritorious defense to the original action. This justice granted defendant's motion and ordered the default judgment against him set aside. Plaintiff's appeal brings the matter before us.

The plaintiff contends that the Justice was without authority to strike the final judgment which he received by default and cites Davis v. Cass, 127 Me. 167, 142 A. 377 (1928), and Bubar v. Sinclair, 146 Me. 155, 79 A.2d 165 (1951) which hold that the power of the Court ceases and the parties are out of Court when a valid and final judgment disposing the pending action has been entered on the record.

*Davis* and *Bubar,* however, did not forbid attack on the *validity* of final judgments and do not now preclude the Court from reversing final judgments which it finds to be invalid because of clerical error or one of the reasons enumerated in Rule 60(b). Cousins v. Hooper, (Me.) 224 A.2d 836 (1966).

Rule 60(b) (besides other grounds not of interest here) authorizes relief for mistake, inadvertence, surprise, excusable neglect or for any other reason justifying relief from the operation of the judgment.

Before the adoption of our Rules of Civil Procedure in 1959, review of final judgments in civil actions was available under certain conditions by use of Writs of Error (R.S.1954, Chapter 129, Sections 1–10), Petitions for Review (R.S.1954, Chapter 123) and by the ancient common law actions of coram nobis, coram vobis and audita querela. With the adoption of M.R. C.P. Rule 60(b) the statutes providing Writs of Error in civil cases and Petitions for Review were repealed (P.L.1959, Chapter 317, Sections 280 and 268) and the Rule expressly provides that:

> "Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of bills of review are abolished as means of reopening judgments entered under these rules, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Returning to the facts, we observe that the defendant defaulted in #1452 on March 3, 1967. Defendant took no appeal from

542

this default judgment and made no attempt then to avail himself of the benefits of Rule 60(b), if indeed he had reason to move that this judgment be set aside. Instead, he filed on March 7th, four days after the default judgment, a motion for late entry of his answer. This motion was denied by the Justice on its return day, April 4th, but it must be noted that it would not have availed defendant to have been permitted to have filed his answer after the default judgment had been entered and while it was still standing. No appeal was taken from the denial of this motion. It was not until after the real estate attachment had been made in #1572 that defendant filed a motion to strike the default judgment and an answer to the second action. The grounds alleged in justification for this request, however, refer to defendant's failure to appear at the hearing on the motion for what would have been a futile late entry—not for his failure to answer to plaintiff's complaint in #1452.

The commentary under Rule 60 (Field and McKusick, Maine Civil Practice, 60.1, quoted with approval in Northland Industries, Inc. v. Kennebec Mills Corporation, 161 Me. 455 at 459, 214 A.2d 100, 102, (1965)) describes the purpose and scope of the Rule.

"A motion under Rule 60(b) does not affect the finality or operation of a judgment. The relief thereby sought is no alternative to appeal and courts look askance at any motion where without reason the appellate remedy was not pursued. * * * The motion for relief from a final judgment is addressed to the sound discretion of the trial court; and its action is reviewable by the Law Court only for abuse of discretion.

Whether the default judgment resulted from mistake, inadvertence, surprise, excusable neglect or "other reason justifying relief" is a question of fact and must be proven by evidence. Cousins v. Hooper, supra. Field and McKusick, supra, 1967 Supplement, Section 60.1. The

defendant's motion to strike was heard by a justice of the Superior Court on June 8, 1967. He found that defendant "had a reasonable excuse for the default and also a defense" and granted "the motion of the defendant requesting that the Default Judgment be set aside." It was within the discretion of the Justice to set aside the default judgment provided there was competent evidence presented to him supporting defendant's motion from which he could properly conclude that the default judgment resulted from circumstances which Rule 60(b) recognizes as justifying its being set aside. Petition of Wagner, 155 Me. 257, 265, 153 A.2d 619, 624 (1959); Chasse v. Soucier, 118 Me. 62, 63, 105 A. 853, 854 (1919).

The record before us as to the hearing on defendant's motion consists of three letters. The first is from plaintiff's attorney to the Justice dated June 9th reciting that when the matter came on for hearing on defendant's motion to strike the default, a court reporter was not available and that therefore the Justice had requested both counsel to send him "a statement of facts and argument and that it would become part of the official record in the event of an appeal." Plaintiff's counsel's version of the facts was enclosed. Although a copy of this letter went to defendant's attorney, defendant's attorney's letter to the Justice dated June 13th, stating *his* version of the facts, did not dispute plaintiff's counsel's understanding as to what would constitute the record. On June 16th, plaintiff's attorney filed an additional statement contesting some facts as stated by the defendant.

It appears to us that these statements make up the record by which we are to test the propriety of the Justice's action in removing the default judgment.

We must bear in mind that the defendant was in effect defaulted twice— once for failing to make timely answer to #1452 and again for failing to appear to prosecute his motion to be allowed to file

a late answer to #1452. Our problem is concerned with his excuse for failing to make timely answer, as a result of which the default judgment issued. We find in the record a complete absence of asserted facts to explain his failure to make this timely answer—instead, the record consists only of explanation for the defendant's failure to appear at the hearing to prosecute his motion to be permitted to file a late answer, requested after the default judgment had issued.

As the record contains no excuse for defendant's failure to file timely answer which would support the exercise of the Justice's discretion in striking the default judgment, plaintiff's appeal must be sustained.

DUFRESNE, J., did not sit.

WILLIAMSON, Chief Justice (dissenting).

On March 3, 1967 the defendant was defaulted for failure to appear and to plead and judgment by default was entered by the Clerk. By motion dated March 7 the defendant sought "Permission of Late Entry * * * for excusable neglect on the part of (defendant's attorney)." Notice was given plaintiff's attorney that the defendant's attorney would bring the motion on for hearing on April 4, 1967 at nine o'clock "or as soon thereafter as counsel can be heard." The presiding Justice on April 4 ordered "Defendant not appearing, the motion is denied."

On April 7 execution for the default judgment in No. 1452 issued. On April 10 plaintiff sued defendant on the judgment in case No. 1572. The defendant answered on April 25.

On April 25 the defendant moved to strike the default and the execution for the reasons (1) that the defendant filed a motion for late entry to answer the complaint; (2) that defendant was advised that he would be notified of time and place of hearing; (3) that without notice, "this matter was set for hearing, was defaulted and an Execution issue."

The defendant asked the Court that his motion for late entry be heard and the default execution stricken.

In July 1967, following hearing in June 1967, "the Court in the exercise of its discretion grants the motion of the Defendant requesting that the Default Judgment be set aside." The plaintiff has appealed.

The defendant seeks an opportunity in No. 1452 to answer the complaint and to defend on the merits. To accomplish this end, he must first destroy the default judgment, thus reopening No. 1452 and ending No. 1572.

The motion for late entry, it seems to me, was a sufficient vehicle to carry the destruction or striking of the default judgment. It would have been a useless act to have granted a late entry in face of a default judgment in the process of or ready for collection. The motion was inartistically drawn, but this should not deprive the defendant of his day in Court.

No ruling has been made, as I read the record, on the issue of excusable neglect raised by the defendant as the ground for an order granting time to answer late and as well to appear in No. 1452.

The motion to strike default dated April 25 was an attempt by the defendant (1) to reopen the denial in April of his late entry motion of March, and (2) to strike the default execution (and of course with it the default judgment) from the record. In my view, only the first request was open to the defendant. He contends that his failure to *appear* for hearing in *April* was excusable. This issue was found in his favor by the Court. On the record I would hold that this finding was implicit in the decision and was within the Court's discretion. The Court was entitled to accept the statement of defendant's counsel in the

letter forming part of the record, as follows:

"The Plaintiff (sic) was advised by the Clerk of Court that the Motion would be placed on the Motion List for hearing and that notice would be sent to the Attorneys on both sides, as was the usual procedure followed by the Court.

"The matter was not placed on the Motion List, nor was any notice of hearing sent to either counsel. The Plaintiff appeared on the return day of the April term of Court and Defaulted the Defendant for not being present."

In short, the defendant says, (1) that he made an excusable error in not answering and appearing in March, to which he pleads excusable neglect, and (2) that he failed to appear on April 4 for the hearing in reliance on the action of the Clerk of Courts. The denial of the March motion for late entry must first be stricken to enable him to proceed to hearing thereon on the merits of "excusable neglect."

The record is unsatisfactory and confusing, and led, I believe, to a misunderstanding of the relief available to the defendant. It was not prepared in accordance with then Rule 75(m), now Rule 74(n) M.R.C.P. See Gibson v. McMillin, 157 Me. 239, 170 A.2d 414 (1961), relating to appeals when no stenographic report was made. I would sustain the appeal and remand for order striking the denial of the March motion from the record and for hearing of the March motion on the merits.

The issue of excusable neglect for failure to appear and plead as a ground for striking the default judgment would in such event be heard for the first time by the Court. The defendant must establish his excusable neglect; and this he has not yet done.