CHARLES C. POOR *vs.* DANIEL LORD.

Penobscot.    Opinion December 9, 1891.

*Quieting Title.    Adverse claimant.    R. S., c. 104, § § 47, 48.*

A petition under R. S., c. 104, § § 47 and 48, praying for the respondent to bring an action to try his alleged title to certain real estate, of which the petitioner is in possession claiming the fee, will not be sustained when the respondent's claim is under a mortgage of the premises.

ON REPORT.

The case is stated in the opinion.

*C. A. Bailey*, for plaintiff.

*P. G. White*, for defendant.

VIRGIN, J.    This is a petition under R. S., c. 104, § § 47 and 48, praying that the respondent be "summoned to show cause why he should not bring an action to try his alleged title" to the real estate described in the petition, in which the petitioner claims the fee and of which he claims to be in possession.

The allegation is that the respondent claims under a mortgage of the premises which has been paid.    While the petition may in one sense, perhaps, bring the case within the letter of the statute, we do not think it was intended to apply to the claims of mortgagees or their assignees, and thus compel them to collect

the sum secured thereby. If the mortgage is valid and subsisting, equity affords the petitioner a full and complete remedy of redeeming his land without surrendering the possession. If it has become invalid, but simply remains undischarged and thus hangs as a cloud upon the title, still equity gives the fullest power to remove the cloud, which under the present rules, is a much more prompt and complete remedy than that of compelling the holder to bring his action at law. Such is in accordance with the decisions of Massachusetts under a like statute. *Clouston* v. *Shearer*, 99 Mass. 209, and the cases therein cited.

*Petition dismissed.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.