G. LESLIE MILLIKEN

*vs.*

SACO AND BIDDEFORD SAVINGS INSTITUTE

York.    June 6, 1947.

*Lausier & Donahue,* for plaintiff.

*Hutchinson, Pierce, Atwood and Scribner,* for defendant.

SITTING: STURGIS, C.J., THAXTER, MURCHIE, FELLOWS, JJ., MANSER, ACTIVE RETIRED JUSTICE.

THAXTER, J. This is a bill in equity which purports to have been brought under the provisions of R. S. 1944, Chap. 158, Sec. 52, to remove a cloud on the title to certain real estate. The property was mortgaged November 18, 1931, to the defendant by Annie L. Milliken who claimed as devisee under the will of Clara E. McKenney. Annie L. Milliken died in 1940. The plaintiff is her son. He claims that his mother took but a life estate in the property and that the mortgage deed given by her to the defendant constitutes a cloud on his title as remainderman. The sitting justice ruled that under the will of Clara E. McKenney, Mrs. Milliken took a fee and not a life estate and that the mortgage given by Mrs. Milliken was valid. He accordingly dismissed the bill. The plaintiff has appealed.

Proceedings to remove a cloud on title are customarily brought under one of two statutory provisions. Under R. S. 1944, Chap. 158, Sec. 48, an action may be brought at law in the Superior Court. If the plaintiff brings himself within the statutory requirements, the defendant may be ordered to show cause why he should not bring an action to try his title. Under the provisions of Chap. 158, Sec. 52, a suit may be brought in equity. This is an action in rem against the land, and under the provisions of Sec. 54 a decree sustaining the bill operates directly on the land and has the effect of a release made by or on behalf of the defendant of all claims inconsistent with the title established or declared by the decree.

The action in the instant case is neither one nor the other of these authorized by statute. It is brought as a bill in equity but the remedy sought is that provided by the statute authorizing a proceeding at law. The case of *Hoadley* v. *Wheelwright*, 130 Me., 395, is a direct authority that equity has no jurisdiction to hear such a case as this. Nor could the action be brought at law under the provisions of Sec. 48; for the case of *Poor* v. *Lord*, 84 Me., 98, holds that the provisions of the original statute on which the present law is based, then embodied in R. S. 1883, Chap. 104, Sec. 47, were not intended to apply to the claims of mortgagees or their assignees. As is said in that case, if the mortgage is invalid and hangs as a cloud on title, equity has power to remove the cloud.

As there was here under the doctrine of *Hoadley* v. *Wheelwright*, supra, no jurisdiction on the face of the bill, this case should not have been heard on the merits. We must sustain the appeal in order that the case may be remanded to the Superior Court for the entry of a decree dismissing the bill for want of jurisdiction. Such decree should be without prejudice to the plaintiff's right to bring an appropriate bill in equity.

> *Appeal sustained.*
> *Case remanded for the entry of a decree dismissing the bill without prejudice for want of jurisdiction.*