DONALD L. GRANT

*vs.*

KENDUSKEAG VALLEY CREAMERY

FORMERLY

KENDUSKEAG VALLEY CO-OPERATIVE CREAMERY

AND

PERSONS UNASCERTAINED AND UNKNOWN CLAIMING BY,
THROUGH OR UNDER SAID KENDUSKEAG VALLEY
CREAMERY

Penobscot.    Opinion, October 9, 1952.

*Frederick B. Dodd,* for plaintiff.

*Milton A. Beverage,* for guardian *ad litem* et al.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL,
NULTY, WILLIAMSON, JJ.

THAXTER, J.    This was a bill in equity filed in Penobscot
County in November, 1951, returnable on the first Tuesday
of January, 1952.    The object of the bill was to remove a
cloud on title.    Answers were filed by the guardian *ad litem*
for certain defendants and the bill was taken *pro confesso*

as to the other defendant. A hearing was duly had by the sitting justice who sustained the bill granting the relief prayed for and establishing the title of the plaintiff. An appeal was filed by the guardian *ad litem*. The basis of this appeal is that there is no jurisdiction in equity to quiet title to real estate.

Such jurisdiction is, however, expressly given by the statutes of this state to courts of equity and the procedure is specifically set forth. R. S., 1944, Chap. 158, Secs. 52-55. It has been the unquestionable practice here for years. Even though a remedy at law may be available, the remedy in equity is still proper, particularly where the legislature may give such remedy as being more flexible or better adapted to the particular circumstances than the remedy at law.

The mere fact that a concurrent remedy at law exists does not oust equity of jurisdiction. *United States* v. *Howland, et al.*, 4 Wheat. 108, 4 L. Ed. 526; 19 Am. Jur., page 117 *et seq.*

*Appeal dismissed.*

*Decree below affirmed.*