BURT COMPANY
*vs.*
THE BURROWES CORPORATION

Cumberland. Opinion, July 2, 1962.

*Raymond E. Jenson*, for plaintiff.

*Simon Spill,*
*John J. Flaherty,*
*William S. Linnell,*
*Joseph B. Campbell,*
*Harry Marcus,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, SULLIVAN, SIDDALL, JJ. TAPLEY AND DUBORD, JJ., did not sit.

WEBBER, J.   On appeal.   The Burrowes Corporation is in receivership.   The receivers filed a petition addressed to the justice below by whom they were appointed seeking his determination as to "the validity and the amounts due thereunder of the claimed security of Depositors Trust Company."   The petition further prayed that the court would order the receivers to pay over to the creditor "monies on account of said respective secured accounts" as so determined.   On this petition the court fixed a time for hearing and ordered notice thereof to be given to the Depositors Trust Company.   After hearing, the justice filed his findings of fact and conclusions of law which concluded with the following:

> "I find that the lien created by the factor's agreement attaches to the balance of proceeds of sale of the inventory now held by the Receivers and af-

fords security for payment of the deficiency due or to become due on those notes which were properly proven in the receivership procedure.

It is to be noted that some portion of the proceeds of sale of the inventory may be required to satisfy costs of administration including fees and disbursements."

These findings were filed December 1, 1961 and the docket entries of the same date show "Judgment in accordance with findings." The record is silent as to the form of the "judgment" and we are not informed as to whether it included any order for the payment of money to Depositors Trust Company as prayed for in the petition. Notice of appeal was seasonably filed by the receivers. On December 29, 1961 the court granted leave to Burton C. Decker, a creditor, to intervene, apparently for the purpose of prosecuting an appeal from the "judgment" fixing the security interest of Depositors Trust Company. Such an appeal was seasonably taken by Decker.

In the Law Court the receivers have not pressed their appeal and we assume that they have properly concluded that they have no standing here to prosecute an appeal from a decision which at most determines the distribution of the assets in their hands. Their appeal must be dismissed as improvidently taken. *Hatten* v. *Vose* (1946), 156 F. (2nd) 464, 467. The remaining controversy lies between the Depositors Trust Company and Decker and has been so treated by opposing counsel.

Depositors Trust Company contends that the appeal is premature and should await a final disposition of the entire cause. We find ourselves unable to determine upon the present record whether or not the "judgment" below has such finality as to make it the proper subject of immediate review. It should be noted that review is not here sought under the special provisions of M. R. C. P. Rule 54 (b).

M. R. C. P. Rule 73 provides for appeal from a "judgment" which is "by law reviewable by the Law Court." Field & McKusick, Sec. 73.1 correctly states: "There is a strong policy running through the Maine cases, just as through the federal cases, insisting that only 'final' judgments are ripe for appellate review." The reasons which prompt judicial resistance to "piecemeal review" are fully set forth in the quoted section. As noted in Sec. 73.2 of the text, exceptions to the final judgment rule have been carefully limited to those instances in which "the peculiar character of questions * * * presented hardly permits of postponement if any benefit is to be derived from it by the moving party." *Stevens* v. *Shaw*, 77 Me. 566; *Munsey* v. *Groves*, 151 Me. 200; *Socec* v. *Maine Turnpike Authority*, 152 Me. 326, 328.

It is apparent that the Law Court cannot determine whether or not an appeal is premature until it has been fully informed as to the nature and scope of the order or judgment from which appeal is sought. A judgment is distinguishable from the findings of fact and conclusions of law or the "opinion" rendered by a single justice, and even though such findings or "opinion" may contain an order for judgment, appeal is from the judgment and not from the findings or "opinion." Field & McKusick, Sec. 54.2.

We would be surprised to learn that any "judgment" ordered by the court below, if such there be in this case, includes an order for the payment of money to Depositors Trust Company. We note that there was no notice to creditors generally on the petition of the receivers but only to the secured claimant. Sound practice requires notice to competing creditors and an opportunity for hearing before the entry of an order for the payment of claims to creditors. *National Surety Corporation* v. *Sharpe* (1950), 232 N. C. 98, 59 S. E. (2nd) 593; 75 C. J. S. 993, Sec. 317. If on the

other hand the "judgment" does no more than to declare the rights of the Depositors Trust Company and contains no order for the payment of its claims, it may be doubted as to whether such a "judgment" is appealable at this stage of the proceedings. *Caudill Coal Co.* v. *Rosenheim* (1924), 258 S. W. (Ky.) 315; *Rossi* v. *Caire* (1916), 161 P. (Cal.) 1161; cf. *Denver* v. *Stenger* (1924), 295 F. 809. The following rule as stated in 4 C. J. S. 398, Sec. 128 finds support in the authorities: "A decree or order definitely determining the priority of claims and liens *and directing distribution* is final for the purpose of appeal, even, as a rule, in case of a partial order of distribution; *This is not so, however, if the decree or order fails to adjudge the fund to the respective claimants.* One whose equities have been cut off may appeal even though there has been no order of distribution." (Emphasis ours.)

As already noted, it is impossible for us to determine on the record presented here whether or not this appeal is premature. It is also possible that a review of the actions taken below may reveal the necessity of further proceedings in order to satisfy notice requirements and produce a judgment or collateral order which may properly be subjected to immediate review. Accordingly this case will be remanded to the court below for amplification of the record on the appeal of Decker or for further proceedings in accordance with this opinion. In event that on this or a subsequent appeal the issue as to the validity of the claims of Depositors Trust Company is properly tendered, we see no reason why leave of court would not be given to submit that issue on the briefs and record now on file in the Law Court in order to avoid unnecessary expense to the parties.

*So ordered.*
*Appeal of co-receivers dismissed.*