PUBLIC FINANCE CORPORATION OF MAINE

*vs.*

RICHARD T. SCRIBNER

Cumberland. Opinion, March 26, 1963.

*Basil A. Latty,* for Plaintiff.

*Theodore R. Brownlee,* for Defendant.

SITTING: WILLIAMSON, C. J., TAPLEY, WEBBER, SULLIVAN, SIDDALL, MARDEN, JJ.

WEBBER, J.   On appeal.   This matter was submitted to the justice below upon an agreed statement of facts.   The complaint charged the defendant with having obtained a loan from the plaintiff by falsely representing that he was the owner of a truck offered as security.   The defendant had had a prior loan from plaintiff secured by a chattel mortgage on this truck and three other vehicles.   The agreed statement established the fact that the defendant had sold the truck before seeking the new loan from the plaintiff but contained no assertion that the loan was made in reliance upon this particular security or the representations of ownership.   Moreover, it contained no assertion that the plaintiff had no knowledge of the prior sale.   The justice below treated these omissions as fatal and found for the defendant.

Many cases readily lend themselves to submission upon an agreed statement of facts. Where the facts are not in dispute and only questions of law arise, such a submission is a practical, inexpensive and expeditious method of resolving legal controversy. Counsel must, however, be vigilant in order that no fact be omitted which may be essential to the claim of either side. The omission of such facts from an agreed statement may result in a judgment adverse to the party who has the burden of proving them. The same result occurs of course whenever there is a failure of required proof upon a full hearing or trial before a court or jury. The justice to whom a case is submitted upon an agreed statement cannot properly add to or subtract from the facts thus agreed upon but must apply the applicable law to that which is presented to him.

It has been held that the plaintiff in an action of deceit must prove a material misrepresentation which is false, known by the defendant to be false, or made by the latter recklessly as an assertion of fact without knowledge of its truth or falsity, made with the intention that it shall be acted upon and acted upon with damage. Plaintiff must show that he relied upon the representations, was induced to act upon them, did not know them to be false, and by the exercise of reasonable care could not have ascertained their falsity. "Every one of these elements must be proved affirmatively to sustain an action of deceit." *Crossman* v. *Bacon & Robinson,* 119 Me. 105, 109; *Coffin* v. *Dodge,* 146 Me. 3, 5; *Bragdon* v. *Chase,* 149 Me. 146, 150. In the case of *Pelkey* v. *Norton,* 149 Me. 247, the court recognized and imposed an exception or limitation upon the requirement that the plaintiff prove that "by the exercise of reasonable care (he) could not have ascertained their falsity." The effect of the limitation is to eliminate the necessity of proving freedom from negligence in any case in which it is shown that the defendant was guilty of intentional misrepresentation amounting to active and

actual rather than constructive fraud. The court noted that actual fraud is characterized by an intent to deceive and we think that it is further implicit that the defendant must have actual knowledge of the falsity of his representations and the facts related must be particularly within his own knowledge and neither inherently absurd or incredible. Inferentially at least, the court was suggesting that the plaintiff will still be required to prove that he exercised reasonable care under circumstances not involving actual fraud and especially where the false statements were "made recklessly as an assertion of fact without knowledge of (their) truth or falsity." It suffices to say that for the purposes of the instant case it is nowhere suggested in *Pelkey* that the plaintiff is ever relieved of the burden of proving his reliance upon the false statements and his lack of knowledge of their falsity in an action for deceit. In fact, *Pelkey* reaffirms the statement that *every element, including reliance, must be affirmatively proved.*

In the instant case the justice below accurately appraised the effect of the omission of essential facts from the agreed statement in these terms:

> "The question as to whether the Plaintiff was thus misled is a more difficult one, and again the agreed statement is silent on that point. I do not know whether the Plaintiff might not have been willing to extend this loan, even though the truck in question was not the property of the Defendant, believing itself to be well secured by the other vehicles. It may have been that the Plaintiff actually knew that the Defendant had conveyed the truck and was thus not deceived at all, but was willing to extend the loan. I am unable to infer from the agreed statement of facts and Plaintiff's Exhibit No. 1 (the chattel mortgage) that the Plaintiff was thus misled and deceived."

We conclude that if this case had been fully tried before a jury and at the close of the evidence the plaintiff had

utterly failed to prove "that he did not know the representations to be false," and "that he relied upon them and was induced to act upon them," the presiding justice would have been compelled to grant a motion to direct a verdict for the defendant. So in this agreed statement the plaintiff has failed to satisfy his burden of proving certain essential elements of his action for deceit.

As was stated in *Crossman* v. *Bacon & Robinson,* 119 Me. 105, 110 (cited *supra*) : 'For the action of deceit was not intended to be made easy to prove. Its purpose was to restrain law suits in commercial and trading transactions so that every time a party, through reliance upon opinion, or trade talk, or without taking pains to inquire for himself, got the bad end of a bargain he should not be permitted to fly to the courts for redress. Hence the purpose * * * of the action, *and proof of all the necessary elements,* have always been adhered to with strictness, with the avowed design of abridging instead of enlarging the field of litigation." (Emphasis ours.)

The entry will be

*Appeal denied.*