**YORK MUTUAL INSURANCE COMPANY OF MAINE**

v.

**Roger W. MOOERS and Jean Mooers and Mabel Mooers and Tammy Lynn Grover and Bertha A. Dunlap, individually, and as Tammy Lynn Grover's mother and next friend, and Kenneth Richards.**

Supreme Judicial Court of Maine.

Argued April 28, 1980.

Decided June 4, 1980.

Amerling & Burns, W. John Amerling, George F. Burns (orally), Portland, for plaintiff.

Richard Valentino, Saco, Lawrence P. Mahoney, Portland (orally), for Mooers.

Smith, Elliott, Wood & Nelson, P. A., Stephen R. Lamson, Saco (orally), for Tammy Grover & Bertha Dunlap.

Norman & Hanson, Theodore H. Kirchner, Portland (orally) for K. Richards.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

PER CURIAM.

York Mutual Insurance Company of Maine (York) had issued a "homeowner's" insurance policy to Roger Mooers and his wife, Jean Mooers. Thereafter, while Mabel Mooers, Roger's mother, was visiting at the home of her son-in-law, Kenneth Richards, in Lyman, five-year-old Tammy Lynn Grover, who was playing on or near the Richards' property, was bitten by Mabel's dog. Subsequently, the mother of the child, Bertha Dunlap, brought a negligence action on the child's behalf against Mabel and Richards. York commenced a declaratory judgment action in the Superior Court, York County, naming as defendants Mabel Mooers, Roger Mooers and Jean Mooers and seeking a declaration that under the insurance policy issued to Roger and Jean it had no obligation to defend or indemnify Mabel in the underlying tort action. By an amended complaint, York joined as additional defendants Kenneth Richards, Tammy Lynn Grover and Bertha Dunlap because of the potential claims these persons might assert on the policy proceeds.

In their answer, Mabel Mooers, Roger Mooers and Jean Mooers filed counterclaims against York, alleging breach of York's "non consentual [sic] duty of good faith and fair dealing with its insureds," and Mabel sought damages for alleged physical and emotional injury and unnecessary expense. The Superior Court granted York's motion to dismiss these counterclaims for failure to state claims upon which relief could be granted. M.R.Civ.P. 12(b)(6).

Following a trial before the court sitting without a jury, the court signed a document containing certain factual find-

ings and legal conclusions and ending with the following statement: "Therefore on plaintiff's complaint the entry shall be judgment for defendants together with their costs." On October 22, 1979, the following entry was made in the docket: "Judgment entered for the Defendants, together with their costs."[1]

M.R.Civ.P. 73(a) provides in pertinent part: "Whenever a judgment of the Superior Court . . . is by law reviewable by the Law Court, such review shall be by appeal in accordance with these rules." Except in very special circumstances not applicable here, we have declined jurisdiction in actions in which no final judgment has been entered. *See, e. g., Dufour v. Silsby*, Me., 405 A.2d 737, 739 (1979). A "judgment" is defined as "a decree and any order from which an appeal lies." M.R. Civ.P. 54(a). In practice a formal document labeled "judgment" is rarely prepared. 2 R. Field, V. McKusick & L. Wroth, *Maine Civil Practice* § 54.2 (2d ed. 1970). Despite this customary informality, the judgment, which is the adjudication by the court, must be distinguished from an opinion of the court or a statement of the court's findings of fact and conclusions of law. *Burt Co. v. Burrowes Corp.*, 158 Me. 237, 240, 182 A.2d 481, 483 (1962). Under our rules, frequently the only record of the judgment is the entry of judgment upon the docket of the Superior Court. If a jury returns a general verdict, the clerk is directed by the rules to enter judgment upon that verdict. M.R. Civ.P. 58. If a jury returns a special verdict or a general verdict accompanied by answers to interrogatories, the court shall direct the clerk to enter the appropriate judgment upon the docket. *Id.* Similarly, if a case is tried before the court without a jury and the court directs that a party

recover only money or costs or that all relief be denied, the rules direct the clerk to enter judgment forthwith. *Id.* If a court awards other kinds of relief, however, "the court shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk." *Id.* No particular form is required for such direction of entry of judgment so long as it reflects an adjudication of the dispute before the court.

In a declaratory judgment action, the court is authorized "to declare rights, status and other legal relations . . . ." 14 M.R.S.A. § 5953. In this action for declaratory relief, the plaintiff sought a declaration of its duties, if any, to the respective defendants under the policy of insurance it had issued. Each of the defendants sought a similar declaration. An order to the clerk to enter "judgment for the defendants" does not adjudicate what the respective rights, duties and liabilities of the various parties under the insurance policy may be. In such circumstances, we must conclude that the Superior Court has failed to comply with the requirements of M.R.Civ.P. 58 and that there has been no judgment entered in this case.

Because there is no judgment, the attempt by York to invoke the appellate jurisdiction of this Court is premature. Similarly, the attempt by the defendant Mabel Mooers to have this Court review the order of the Superior Court dismissing her counterclaim is premature since such an order, although reviewable, is not appealable until entry of final judgment.

Although we must dismiss this appeal and cross appeal, we are prepared to decide the merits of this case upon the briefs already filed and the oral argument already had when and if our appellate jurisdiction is

---

1. On November 21, 1979, Mabel Mooers filed a document denominated a "cross appeal" from the order of the Superior Court dismissing her counterclaim. On November 26, 1979, York filed a document denominated a "notice of appeal." York's "appeal" was filed thirty-five days after the entry of October 22, 1979, but five days after the "cross appeal." Therefore, the "cross appeal" is, as the first-filed document, the appeal in this case, *see* M.R.Civ.P.

73(a), and the "appeal" is actually a cross appeal, *see id.*, 73(a), 73(e), 76A(c). The appeal has been prosecuted as if York were the appellant and the defendants Mooers were cross appellants. This matter was brought to the attention of counsel at oral argument who agreed that the Court should continue to treat the matter as if York were the appellant. *See id.*, 73(e).

properly invoked. After entry of an appropriate judgment, new notices of appeal may be filed and the case will be decided on the existing record supplemented by all docket entries which may be entered following our remand. *See Dufour v. Silsby, supra,* 405 A.2d at 739.

The entry is:

Appeal and cross appeal dismissed.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.