**Trudy F. BREAU**

v.

**Roger J. BREAU.**

Supreme Judicial Court of Maine.

Argued June 6, 1980.
Decided Aug. 25, 1980.

Turner & Whittier, Craig E. Turner, David Q. Whittier (orally), South Paris, for plaintiff.

Preti, Flaherty & Beliveau, Joel C. Martin (orally), Portland, Albert J. Beliveau and Thomas S. Carey, Rumford, for defendant.

Before McKUSICK, C. J., and WERNICK, NICHOLS and GLASSMAN, JJ.

GLASSMAN, Justice.

This is an appeal by the plaintiff, Trudy Breau, from an order of the Superior Court, Oxford County, denying the plaintiff's appeal from an order of the District Court, District Eleven, Division of Northern Oxford, amending a divorce judgment. Because of procedural irregularities affecting the jurisdiction of the Superior Court to entertain the appeal and affecting the jurisdiction of this Court, we modify the order of the Superior Court and as so modified affirm that order.

On March 23, 1978, the District Court granted a divorce to Trudy Breau from Roger J. Breau. As part of the division of marital property, the court made the following order:

> It is further ordered and decreed that the real estate owned by the parties, situated on Roxbury Road in the Town of Mexico, County of Oxford and State of Maine, and recorded in the Oxford County Registry of Deeds in Book 788, Page 227 is deemed to be marital property and *set aside for the sole and exclusive use of* DEFENDANT, ROGER J. BREAU, provided however, that Defendant hold Plaintiff harmless for any and all payments due on the above mentioned property situated in Mexico, Maine. (Emphasis added).

The defendant died intestate August 26, 1978. James Breau, administrator of the defendant's estate, and Thomas Carey, guardian of the defendant's minor child, on January 30, 1979, filed a motion pursuant to M.D.C.Civ.R. 60(b) seeking reformation of the language of the divorce judgment to reflect the alleged intention of the parties and the court that the defendant receive title to the real estate in question in fee simple. No action was taken upon this motion.

On March 21, 1979, the plaintiff filed a motion to enjoin prosecution of the motion for relief from divorce judgment and a motion for disqualification of the District Court judge. Both motions are endorsed on the bottom, "Motion denied.", but no entry on the docket has ever been made.

The District Court, acting on its own initiative and purporting to act pursuant to M.R.Civ.P. 60(a),[1] applicable in the District Court pursuant to M.D.C.Civ.R. 60, issued an amended divorce judgment "to conform with the Court's order of March 23, 1978" and ordered that all personal and real prop-

---

1. We intimate no opinion on the question whether M.R.Civ.P. 60(a) authorizes an amendment of a judgment of the kind here involved. That rule provides in pertinent part:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. *Id.*

erty, including the real estate in question, be granted "exclusively and outright" to, rather than for "the sole and exclusive use of," the respective party to whom it had been awarded. The only entry in the District Court docket reflecting this action was under date of June 12, 1979, and read: "Amended Divorce Judgment signed by J.L. Batherson, Judge on 5–31–79." The plaintiff appealed to the Superior Court. The Superior Court entered an order that read: "Appeal denied—remanded to District Court for entry of judgment." Thereafter, an appeal was taken to this Court.

 We have recently reaffirmed our long-standing rule that the Superior Court should not entertain an appeal from the District Court unless there is a final judgment. *See Casco Bank & Trust Co. v. Emery*, Me., 416 A.2d 261, 263 (1980). M.D.C. Civ.R. 58 provides, *inter alia* : "The notation of a judgment on the docket constitutes the entry of the judgment, and *the judgment is not effective before such entry.*" (Emphasis added). M.D.C.Civ.R. 79(a) provides, *inter alia* :

> All papers filed with the clerk, all appearances, orders, and judgments shall be noted chronologically upon the docket and shall be marked with the docket number. These notations shall briefly show the nature of each paper filed or writ issued *and the substances* [sic] *of each order or judgment* of the court and of the returns showing execution of process. In the alternative the notation of an order or judgment may consist of an incorporation by reference of a designated order, judgment, opinion or other document filed with the clerk by the court, provided that the notation shows that it is made at the specific direction of the court. (Emphasis added).

Reading Rules 58 and 79(a) together demonstrates that the failure to enter the order amending the divorce judgment on the docket meant that such order was ineffective and was not therefore appealable.

It is apparent that the Justice of the Superior Court recognized that no judgment had been entered in the District Court since his order specifically directed that the matter be remanded to the District Court "for entry of judgment." Some confusion may have been engendered by the order of the Superior Court denying the appeal rather than dismissing it. For that reason, we will direct that the Superior Court judgment be modified to dismiss the appeal from the District Court and remand for entry of judgment, and as so modified we will affirm that judgment.[2]

Recently we have retained jurisdiction in several cases in which an appropriate entry of judgment was not made and remanded the cases for appropriate entry of judgment with an order in each case that we would decide the merits of the appeal on the briefs filed and argument already had upon the jurisdiction of this Court being properly invoked. *E. g., York Mutual Insurance Co. v. Mooers*, Me., 415 A.2d 564 (1980) (per curiam). We do not take that action in this case for two reasons: First, to do so would deprive the parties of their right to properly invoke the appellate jurisdiction of the Superior Court and to have a decision on the merits from that court. Second, the rules are very explicit as to the necessity of entry of judgment and the manner in which a judgment must be entered. Although the clerks bear a heavy responsibility for the maintenance of the civil docket in accordance with our rules, the ultimate responsibility for assuring that the appellate court has jurisdiction lies with counsel. With the increasing case load of this Court and the pressure which that places upon limited judicial resources, we cannot and will not continue to entertain appeals in which our jurisdiction has not been properly invoked.

The "defendant-appellee" has filed in this Court a motion to dismiss the appeal for failure to comply with M.R.Civ.P. 74(b), 74(c) and 74C(b). In view of our disposition of this matter, it becomes unnecessary to address this motion.

---

**2.** Since the Superior Court judgment, as modified, is a ruling that the purported appeal to the Superior Court was premature, our affirmance of that modified judgment is not a ruling on the merits of the dispute.

▪ One other matter must be addressed. No substitution of parties pursuant to M.D. C.Civ.R. 25 has ever been filed. Nor has there ever been filed a formal *suggestion of death* upon the record which is necessary to trigger a dismissal pursuant to Rule 25. It is, however, inappropriate for the personal representative of the deceased defendant to continue to appear in this action without a formal substitution. We express no opinion as to whether substitution of parties is appropriate in this type of action or whether, if it is appropriate, the guardian of the defendant's minor child may be a substituted party.

The entry is:

Judgment of the Superior Court modified to read: "Appeal dismissed. Remanded to the District Court for entry of judgment."

As so modified, the judgment is affirmed.

All concurring.