**Thomas W. GORDON**

v.

**R. L. HALPERIN, State Tax Assessor.[1]**

Supreme Judicial Court of Maine.

Argued June 9, 1982.

Decided June 14, 1982.

See also, Maine, 447 A.2d 62.

Stitham & Clapp, Douglas A. Clapp (orally), Pittsfield, for plaintiff.

Jerome S. Matus, Asst. Atty. Gen., (orally), Augusta, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

**MEMORANDUM OF DECISION.**

The only docket entry made on the docket of the Superior Court to reflect that court's decision in this case reads in full as follows:

01–08–82    Decision and Order filed.
The entry shall be:
(1) Plaintiff-Petitioner's motion for summary judgment is Denied.
(2) Defendant-Respondent's motion for summary judgment is Granted.

That docket entry is in patent noncompliance with M.R.Civ.P. 79(a) requiring that notations on the docket show the nature and substance of every judgment.[2] By M.R.Civ.P. 58 no judgment is effective until its "notation . . . upon the civil docket in accordance with Rule 79(a)." Thus, the appeal taken by plaintiff Gordon following the January 8, 1982 docket entry is premature and must be dismissed. *See Breau v. Breau,* Me., 418 A.2d 193 (1980); *York Mut. Ins. Co. v. Mooers,* Me., 415 A.2d 564 (1980); *Bramson v. Richardson,* Me., 412 A.2d 381 (1980); *Maine Savings Bank v. DeCosta,* Me., 403 A.2d 1195 (1979). We refer counsel to the warnings issued by this Court in *Breau v. Breau, supra* at 195, that "the ultimate responsibility for assuring that the appellate court has jurisdiction lies with counsel."

When and if our appellate jurisdiction is properly invoked, we will be prepared to decide the merits of this case upon the briefs already filed and the oral argument already had. The parties must first comply with the procedure outlined in *York Mut. Ins. Co. v. Mooers, supra* at 567.

The entry must be:

Appeal dismissed.

All concurring.

---

1. Since the "petition for review" filed in the Superior Court pursuant to 5 M.R.S.A. § 11001(1) (1980) sought review of the State Tax Assessor's refusal to reconsider the income tax assessment under 36 M.R.S.A. § 151 (1978), the caption of this case is changed to name the State Tax Assessor as the party defendant, rather than the Bureau of Taxation.

2. Only by examining the "Decision and Order" of the Superior Court justice can one discover that he decided that the assessment was not time-barred and that since the application of the statute of limitations was the only issue before him, he intended to affirm the State Tax Assessor's action in refusing reconsideration of the assessment. The Superior Court justice must order the entry of an appropriate judgment that will show the substance of the affirmative relief granted by the court. *See State v. Baker,* Me., 390 A.2d 1086, 1089 (1978).