Walter E. G. MacLEOD et al.

v.

Donald T. EDWARDS et al.

Supreme Judicial Court of Maine.

Argued June 11, 1982.

Decided June 23, 1982.

---

Snyder & Jumper, Ervin D. Snyder (orally), Wiscasset, for plaintiffs.

Lynch & Seaberg, Bambi Jones (orally), Damariscotta, for defendants.

Before McKUSICK, C. J., ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

## MEMORANDUM OF DECISION.

By pretrial order, this action involving an alleged right of way over plaintiffs' land in Nobleboro was tried as a declaratory judgment action. The entire order of judgment issued by the Superior Court justice reads as follows:

> ORDERED, ADJUDGED AND DE-CREED that Judgment be entered in favor of the Defendants, Donald T. Edwards and Frances T. Edwards, upon the Plaintiffs Complaint, and for their costs.
>
> Further ORDERED that the Defendants Counterclaim is dismissed as being Moot.

As we explicitly declared in *York Mutual Insurance Co. v. Mooers*, Me., 415 A.2d 564, 566 (1980), with exact pertinence here:

> An order to the clerk to enter "judgment for the defendants" does not adjudicate what the respective rights, duties and liabilities of the various parties ... may be. In such circumstances, we must conclude that the Superior Court has failed to comply with the requirements of M.R. Civ.P. 58 and that there has been no judgment entered in this case.

We must dismiss this appeal as premature. *Cf. Gordon v. Halperin*, Me., 447 A.2d 61 (1982) (purported judgment merely granted defendant's motion for summary judgment). When and if judgment is entered below and our appellate jurisdiction is thereafter properly invoked, we will be prepared to decide the merits of this case upon the briefs already filed and the oral argument already had. *See York Mutual Insurance Co. v. Mooers, supra* at 567.

The entry must be:

Appeal dismissed.

All concurring.