The **MEARL CORPORATION**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1984.

Decided Oct. 23, 1984.

Eaton, Peabody, Bradford & Veague, Bernard J. Kubetz (orally), Bangor, for plaintiff.

Clifford B. Olson, Asst. Atty. Gen., Bureau of Taxation (orally), Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

The defendant, R.L. Halperin, State Tax Assessor for the State of Maine, appeals from an order of the Superior Court, Washington County, denying the defendant's motion to vacate a notice of voluntary dismissal filed by the plaintiff, the Mearl Corporation, pursuant to M.R.Civ.P. 41(a). The sole issue on appeal is whether the plaintiff filed its notice of dismissal "before commencement of trial of the action" as required under Rule 41(a)(1). We conclude that trial had not yet commenced when the plaintiff filed its notice of dismissal, and deny the defendant's appeal.

This action arose as an appeal of an income tax deficiency assessment. On January 10, 1978, the plaintiff filed suit in the Superior Court pursuant to 36 M.R.S.A. 5300 (1969)[1] challenging a deficiency as-

---

**1.** Section 5300 was repealed after the plaintiff filed this action in the Superior Court. P.L. 1977, ch. 694, § 728 (effective July 1, 1978). As applicable to this action, section 5300 provides:

sessed against it by the defendant. In February of 1982, the parties filed a stipulation of facts and cross motions for summary judgment. In an order entered June 13, 1983, the presiding justice found that a genuine issue remained as to two material facts, and denied both motions. On January 11, 1984, the plaintiff filed a notice dismissing its action without prejudice. The Superior Court denied a motion by the defendant to vacate the notice of dismissal.

■ A plaintiff may, as a matter of right, dismiss an action "by filing a notice of dismissal at any time *before commencement of trial of the action....*" M.R. Civ.P. 41(a)(1) (emphasis added). A motion for summary judgment is not the commencement of trial. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 at 39 (2d ed. 1970). Rather, the summary judgment procedure is "a *pretrial* mechanism" used to decide whether or not a trial will be necessary. *Bigney v. Blanchard,* 430 A.2d 839, 842 (Me.1981) (emphasis added); *see also Nordic Sugar Corp. v. Maine Guarantee Auth.,* 447 A.2d 1239, 1241 (Me. 1982). A motion for summary judgment therefore will not bar a voluntary dismissal under M.R.Civ.P. 41(a)(1).[2]

The defendant nevertheless argues that the summary judgment proceedings in this case constituted the "commencement of trial" so as to bar the plaintiff's voluntary dismissal under M.R.Civ.P. 41(a)(1). The defendant relies on two contentions to distinguish this case from a mere summary judgment motion which would not prevent

such a dismissal. First, the defendant contends that the filing by the parties of a stipulation of facts and cross motions for summary judgment constituted submission of the case to the Superior Court for a final adjudication. Second, the defendant asserts that the decision by the presiding justice on the cross motions was in fact a partial judgment in favor of the defendant.

■ The defendant's first contention is unpersuasive. When parties seek to avoid the need for a trial, and to place the matter in controversy before the court for final resolution as a pure question of law, the proper procedure is a submission of the case upon an agreed statement of facts. *See Pelletier v. Dwyer,* 334 A.2d 867, 871–72 (Me.1975); *Public Finance Corp. v. Scribner,* 159 Me. 150, 152, 189 A.2d 368, 368–69 (1963). As this Court stated in *Scribner:*

> The justice to whom a case is submitted upon an agreed statement cannot properly add or subtract from the facts thus agreed upon but must apply the applicable law to that which is presented to him.

159 Me. at 152, 189 A.2d at 369. This case, however, was not submitted upon an agreed statement, and the presiding justice was not bound "to apply the applicable law to that which [was] presented to him." *Id.* Instead, the presiding justice was free to determine that material issues of fact other than those stipulated to remained to be resolved, and to deny both cross motions for summary judgment. *See* M.R.Civ.P.

---

A taxpayer may appeal a determination of the assessor concerning a notice of deficiency, an assessment of penalty or interest, or a claim for refund, to the Superior Court of the county in which the taxpayer has a place of business, or if he does not have a regular place of business in the State, to the Superior Court of Kennebec County. The appellant shall, when such appeal is taken, file an affidavit stating his reasons of appeal and serve a copy thereof on the assessor, and in the hearing of the appeal shall be confined to the reasons of appeal set forth in such affidavit. Jurisdiction is granted to the Superior Court to hear and determine such appeals and to enter such orders and decrees as the nature of

the case may require. The decision on all questions of fact shall be final. An appeal may be taken to the law court as in other actions. Decisions shall be certified forthwith by the clerk of courts to the assessor. P. & S.L.1969, ch. 154.

2. *Cf.* Fed.R.Civ.P. 41(a)(1). If the drafters of the Maine rule intended a summary judgment motion to bar a voluntary dismissal by the plaintiff, they could have adopted the clear language of the federal rule. Instead, the language used in the Maine rule "substantially modifies Federal Rule 41." M.R.Civ.P. 41 reporter's note.

56(c). Accordingly, the parties did not submit the case for a final adjudication.

■ We also reject the defendant's second contention. It is possible for the trial court to grant a partial summary judgment. M.R.Civ.P. 56(d); *see* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.8 (2d ed. 1970 & Supp.1981). The presiding justice in this case, however, made no such order. No entry of judgment, partial or otherwise, appears on the docket. Rather, the presiding justice found that two issues of material fact remained to be resolved and, in unambiguous terms, completely denied both cross motions for summary judgment. *See* M.R.Civ.P. 56(c). The defendant nevertheless argues that in deciding the cross motions the presiding justice enunciated novel principles of law that constitute a partial judgment for the defendant. A statement by the trial court of principles of law is clearly distinguishable from an actual judgment. *See York Mut. Ins. Co. v. Mooers*, 415 A.2d 564, 566 (Me. 1980); *Burt Co. v. Burrowes Corp.*, 158 Me. 237, 240, 182 A.2d 481, 483 (1962); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 54.2 (2d ed. 1970). Therefore, there was no partial judgment in favor of the defendant on the cross motions for summary judgment.

■ Because we reject both of the defendant's contentions, we need not decide whether a plaintiff would still be entitled to a voluntary dismissal after either a submission of the case upon an agreed statement of facts or a partial summary judgment in favor of the defendant. This case presents only cross motions for summary judgment,

both of which the trial court denied. The result of the ruling on these cross motions was merely to determine that trial was still necessary. We hold that in these circumstances trial had not yet commenced [3] and the plaintiff was still entitled to a voluntary dismissal of the action pursuant to M.R.Civ.P. 41(a)(1).

The entry is:

Judgment affirmed.

All concurring.

---

**3.** *Cf. Bancroft & Martin v. Local No. 340*, 412 A.2d 1216 (Me.1980). In *Bancroft & Martin* the plaintiff sought a voluntary dismissal after proceedings that substantially altered the posture of the litigation. The plaintiff had successfully petitioned for a preliminary injunction and the defendant had exercised its right to appeal the issuance of that injunction pursuant to 26 M.R.S. § 6 (1974) when the plaintiff filed a notice of dismissal pursuant to M.R.Civ.P. 41(a)(1). This Court held that trial had commenced with the hearing on the preliminary injunction, thereby barring a voluntary dismiss-

al pursuant to M.R.Civ.P. 41(a)(1). 412 A.2d at 1217. We recognized that such a holding was necessary to preserve the defendant's statutory right of appeal. *Id.* Moreover, "evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits *becomes part of the record on the trial* and need not be repeated upon the trial." M.R.Civ.P. 65(b)(2) (emphasis added). Such considerations are absent from the case now before us. No change in the posture of this litigation has occurred that could fairly be called the commencement of trial.