UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 97-9013

IN RE JAMES N. PAPATONES,

Debtor,

EDWARD ELLIOTT, ET AL.,

Appellees,

v.

JAMES N. PAPATONES,

Appellant.

APPEAL FROM JUDGMENT OF THE UNITED STATES BANKRUPTCY APPELLATE PANEL

FOR THE FIRST CIRCUIT

Before

Boudin, Circuit Judge,

Bownes and Cyr, Senior Circuit Judges.

James F. Molleur, with whom Woodman & Edmands, P.A. was on brief
for appellant.
Robert M. Raftice, Jr., with whom Ainsworth & Thelin, P.A., was on
brief for appellee.

May 13, 1998
CYR, Senior Circuit Judge. The question before us is
whether the "liquidated" unsecured indebtedness owed by appellant
James N. Papatones on the date he filed his chapter 13 petition
totaled less than $250,000, a prerequisite to eligibility for
chapter 13 relief. See Bankruptcy Code 109(e), 11 U.S.C. 
109(e). The United States Bankruptcy Court for the District of
Maine and the Bankruptcy Appellate Panel for the First Circuit
responded in the negative.
We conclude that Papatones was ineligible for chapter 13
relief because the amount in which he was indebted to appellee
Edward Elliott on the date of the filing of the chapter 13 petition
had been adjudicated at $276,606.87 by a court of competent
jurisdiction prior to the chapter 13 petition and neither the
prepetition adjudication itself nor the postpetition docketing of
the judgment against Papatones violated the automatic stay which
took effect immediately upon the filing of the chapter 13 petition. 
See Bankruptcy Code 362(a)(1), 11 U.S.C. 362(a)(1).

I
BACKGROUND

Following an evidentiary hearing on December 9, 1996, a
Maine superior court justice found Papatones liable to Elliott for
breach of trust. Prior to the conclusion of the hearing, the
presiding justice announced that a money judgment would enter
against Papatones in the amount of $276,606.87. Later in the day,
Papatones filed a chapter 13 petition with the United States
Bankruptcy Court for the District of Maine, whereupon the superior
court proceedings were stayed pursuant to Bankruptcy Code 
362(a)(1).
II
DISCUSSION

Papatones insists that he is eligible for chapter 13
relief notwithstanding the $249,999.99 ceiling on liquidated,
unsecured indebtedness because the Elliott debt remained unliqui
dated at the time the chapter 13 petition was filed. Elliott
demurs on the ground that he was awarded $276,606.87 in damages
prior to the chapter 13 petition. Papatones responds that the
Elliott indebtedness did not become "liquidated" before the chapter
13 petition was filed at 2:55 p.m. on December 9 because the
presiding justice remained free to reconsider his ore tenus ruling
at least until the judgment was docketed by the superior court
clerk on December 10, one day after the automatic stay took
effect.

Since the amount owed Elliott had been adjudicated "to
the penny" prior to the chapter 13 petition, yet the $276,606.87
judgment was docketed after the chapter 13 petition, we will
assume, without deciding, that the Papatones debt did not become
"liquidated" until the superior court judgment was docketed. The
remaining inquiry, then, is whether the postpetition docketing of
the judgment violated the automatic stay.
As recently explained, section 362(a)(1) does not stay
acts that are "essentially clerical in nature," as for example "when
an official's duty is delineated by, say, a law or a judicial
decree with such crystalline clarity that nothing is left to the
exercise of the official's discretion or judgment. . . ." Soaresv. Brockton Credit Union (In re Soares), 107 F.3d 969, 974 (1st
Cir. 1997). See also Rexnord Holdings, Inc. v. Bidermann, 21 F.3d
522, 527 (2d Cir. 1994); Savers Fed. Sav. & Loan Ass'n v. McCarthy
Constr. Co. (In re Knightsbridge Dev. Co.), 884 F.2d 145, 148 (4th
Cir. 1989). As Me. R. Civ. P. 58 makes crystal clear, the
superior court justice's prepetition adjudication and direction for
entry of a money judgment left nothing to the discretion or
judgment of the superior court clerk. See, e.g., York Mut. Ins.
Co. of Maine v. Mooers, 415 A.2d 564, 566 (Me. 1980) (per curiam). 
Therefore, even though the oral direction for entry of judgment was
not reduced to writing until the next day, neither that clerical
act nor the mere ministerial notation of the judgment on the docket
contravened the automatic stay.

III
CONCLUSION

As the mere docketing of the Elliott judgment did not
violate the automatic stay, see In re Soares, 107 F.3d at 973-74,
and it is conceded that an unsecured debt becomes "liquidated" in
amount once reduced to judgment, see supra note 3, the $276,606.87
unsecured, liquidated debt owed Elliott on the date of the filing
of the chapter 13 petition rendered Papatones ineligible for
chapter 13 relief as provided in Bankruptcy Code 109(e).
Accordingly, the judgment of the Bankruptcy Appellate
Panel for the First Circuit is affirmed. Appellant shall bear all
costs. SO ORDERED.